[No. C034782. Third Dist. Apr. 6, 2000.]

CURTIS F., Petitioner, v.
THE SUPERIOR COURT OF SUTTER COUNTY, Respondent;
SUTTER COUNTY DEPARTMENT OF HUMAN SERVICES, Real Party
in Interest.

**COUNSEL**

Michael J. Sullinger for Petitioner.

No appearance for Respondent.

Darrell W. Larsen, County Counsel, and James Scanlon, Deputy County Counsel, for Real Party in Interest.

## OPINION

**RAYE, J.**—Curtis F. (petitioner), the father of Cheyenne (the minor), seeks an extraordinary writ (Cal. Rules of Court, rule 39.1B) to vacate the orders of respondent juvenile court denying petitioner reunification services and scheduling a hearing for May 11, 2000, to determine a permanent plan for the minor. (Welf. & Inst. Code, § 366.26; further undesignated section references are to this code). Petitioner also requests a stay of proceedings in respondent court.

Petitioner contends the evidence is insufficient to support the order by the juvenile court denying petitioner reunification services pursuant to section 361.5, because the record reflects one mental health professional suggested petitioner might benefit from receiving reunification services. We disagree and shall deny the petition and request for a stay.

### FACTS AND PROCEDURAL BACKGROUND

On August 18, 1999, the Sutter County Department of Human Services (DHS) filed a section 300 petition on behalf of the then days-old minor. The petition alleged generally that the minor was at a substantial risk of suffering serious physical harm or illness because of domestic violence perpetrated by petitioner against the mother of the minor. At the conclusion of the jurisdiction hearing, the juvenile court sustained the petition. The court also ordered petitioner to undergo a psychological evaluation.

Psychologist Paul Wuehler conducted a psychological evaluation of petitioner. Wuehler concluded petitioner suffered from a mixed personality disorder of such severity that he was rendered unable to care for the minor or benefit from reunification services within six, 12, or even 18 months. In fact, Wuehler asserted unequivocally that there were "no reunification services" that would assist petitioner.

Psychologist James Voss also conducted a psychological evaluation of petitioner. His report was more equivocal than the Wuehler report regarding petitioner's prospects for reunification with the minor. Voss found that petitioner did exhibit "numerous psychological problems which would considerably inhibit his ability to adequately care for and control his daughter." However, Voss also stated the following: "The potential for a safe and healthy reconciliation appears to be guarded to fair. It is expected that [petitioner] may have a difficult time benefitting from services offered. His long term, i.e., chronic personality disorder issues and problems of impulse control are expected to be very resistant to treatment. It is similarly expected

that his personality disorder constellation will limit his ability or willingness to respond to services largely because he doesn't really feel that he has a need or that any problem exists. The potential of a relapse in terms of his alcohol or drug problems would need to be taken into consideration and any treatment program with an emphasis on relapse prevention services. Although he is not a good candidate for psychotherapy, it is suggested that therapeutic assistance is the only effective treatment for personality disorders and is an important element in treating both depression and anxiety."

The social worker summarized both reports and recommended a denial of services to petitioner on the ground that there was "no evidence to support a substantial probability that [petitioner] could ever benefit from services and safely reunify with [the minor] . . . ."

Based on the evidence before the juvenile court, counsel for petitioner objected to the proposal to deny petitioner reunification services. Noting the two reports differed in their conclusions, counsel requested that the court order services for petitioner. In denying petitioner services, the court found that petitioner was suffering from "a mental disability as determined by two (2) licensed psychologists . . . which mental disability prevents [him] from presently being able to safely care for the child and further prevents [him] from benefiting from reunification services for at least six (6) months." The court then ruled that DHS would not provide petitioner with services, pursuant to section 361.5, subdivision (b)(2).

## DISCUSSION

Subdivision (b)(2) of section 361.5 provides: "(b) Reunification services need not be provided to a parent . . . when the court finds, by clear and convincing evidence, any of the following: [¶] . . . [¶] (2) That the parent . . . is suffering from a mental disability . . . and that renders him . . . incapable of utilizing those services."

Subdivision (c) of section 361.5 provides in part: "When it is alleged, pursuant to paragraph (2) of subdivision (b), that the parent is incapable of utilizing services due to mental disability, the court shall order reunification services unless competent evidence from mental health professionals establishes that, even with the provision of services, the parent is unlikely to be capable of adequately caring for the child within the time limits specified . . . ."

To support a finding under subdivision (b)(2) of section 361.5, the juvenile court must obtain the reports of two qualified experts. (§ 361.5, subd. (b)(2); Fam. Code, § 7827, subd. (c).)

We review petitioner's claim under the substantial evidence test. The duty of a reviewing court is to determine whether there is any substantial evidence to support the juvenile court's findings. In making this determination, we must decide if the evidence is reasonable, credible, and of solid value, such that a reasonable trier of fact could find the court's order was proper based on clear and convincing evidence. (*In re Victoria M.* (1989) 207 Cal.App.3d 1317, 1326 [255 Cal.Rptr. 498].)

■ In this case, the juvenile court was faced with a difficult task, that of assessing the reports of two psychologists whose conclusions about petitioner's prospects were not identical. However, under subdivision (a) of Family Code section 7827, there is no requirement that both experts must agree a parent is unlikely to benefit from services before the court may deny the parent services. Instead, the statute requires a showing only of evidence proffered by both experts regarding a parent's mental disability, evidence from which the court then can make inferences and base its findings.

Here, both reports considered by the juvenile court contain ample evidence to suggest that petitioner is unlikely to be capable of caring for his child, even if provided with reunification services, due to a mental disability.[1] The Wuehler report details at some length petitioner's history of "defects revolving around tendencies with narcissistic, anti-social, histrionic, and paranoid features in his personality." Voss, too, found "strong reason to be concerned about (petitioner's) extensive history . . . ," and believed that petitioner's "intermittent explosive disorder will tend to hamper his ability to respond appropriately in social and relational situations and can be expected to affect parenting abilities."

Based on these two reports, the juvenile court determined it was unlikely that petitioner would benefit from reunification services. Each report, considered on its own, contains facts consistent with the conclusions reached by the court. Accordingly, substantial evidence supports the court's findings. We conclude the juvenile court properly denied petitioner reunification services pursuant to section 361.5, subdivision (b)(2).

### DISPOSITION

The petition and request for a stay are denied.

Callahan, J., concurred.

---

[1] The Wuehler report concluded explicitly that petitioner had a "mental disability." Although the Voss report did not use the same phrase employed by Wuehler, it did list multiple psychological problems suffered by petitioner. From that list, we presume Voss found the requisite mental disability. (Fam. Code, § 7827, subd. (a).) Petitioner does not contend to the contrary.

**SIMS, Acting P. J.**—I respectfully dissent. I would issue a writ.

This case concerns "the profound importance of a denial of reunification services based on mental disability." (*In re Catherine S.* (1991) 230 Cal.App.3d 1253, 1257 [281 Cal.Rptr. 746].)

My disagreement with the majority lies in our different interpretations of Welfare and Institutions Code section 361.5, subdivision (c) which provides in pertinent part that ". . . the court shall order reunification services unless competent evidence from mental health professionals establishes that, even with the provision of services, the parent is unlikely to be capable of adequately caring for the child within the time limits specified in subdivision (a)."[1]

"[C]ompetent evidence from mental health professionals" means evidence from at least *two* professionals. (*In re Rebecca H.* (1991) 227 Cal.App.3d 825, 844 [278 Cal.Rptr. 185]; see Seiser & Kumli, Cal. Juvenile Courts, Practice and Procedure (2000) § 2.129[2][a], p. 2-189.)

The majority and I disagree as to what constitutes "competent evidence" under section 361.5, subdivision (c). In the majority's view, evidence may be "competent" if it consists of *facts* in the expert's reports from which the trial court may draw an inference that the parent is unlikely to be capable of adequately caring for the child within the specified time limits. In my view, the statute envisions that the experts must render professional *opinions* that the parent is unlikely to be capable of adequately caring for the child within the specified time limits. I think this is so because the question of likelihood of reunification (given the provision of services) seems to me to be peculiarly one that lends itself to resolution of mental health professionals, not judges.

On this record, there was only one mental health professional, Paul Wuehler, Ph.D., who opined that reunification was unlikely. James Voss, Ph.D., opined that reunification was "guarded to fair." This is not an opinion that reunification was unlikely. Consequently, in my view, the record does not reflect competent evidence from *two* mental health professionals that, even with the provision of services, reunification was unlikely. Petitioner was wrongfully denied reunification services, and a writ should issue.

Petitioner's petition for review by the Supreme Court was denied June 21, 2000.

---

[1] Further statutory references are to the Welfare and Institutions Code.