Filed 10/16/13  Virgil G. v. Super. Ct. CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| VIRGIL G.,<br><br>                        Petitioner,<br><br>   v.<br><br>THE SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF LOS ANGELES,<br><br>                        Respondent.<br><br>LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES et al.,<br><br>                Real Parties in Interest. | B249861<br><br>(Super. Ct. No. CK39029) |

Writ petition to review order setting hearing under Welfare and Institutions Code section 366.26.  Donna Levin, Juvenile Court Referee.  Petition denied.

Los Angeles Dependency Lawyers, Inc.; Law Office of Timothy Martella, Rebecca Harkness and Jolene Metzger for Petitioner.

No appearance for Respondent.

John F. Krattli, County Counsel, James M. Owens, Assistant County Counsel, Navid Nakhjavani, Deputy County Counsel for Real Party in Interest Los Angeles County Department of Children and Family Services.

_____

Petitioner Virgil G. (Father) seeks extraordinary relief (Welf. & Inst. Code, § 366.26, subd. (*l*));[1] Cal. Rules of Court, rule 8.452) from the juvenile court's order, made on May 20, 2013 at the disposition hearing after the court had denied reunification services, setting a hearing pursuant to section 366.26 to consider termination of parental rights and implementation of a permanent plan for his then three-month-old son Vincent G.  We deny the petition on the merits.[2]

## FACTUAL AND PROCEDURAL BACKGROUND

At the time of Vincent's birth in February 2013, his four siblings (Siblings) had already been declared dependent children of the juvenile court and placed with their maternal grandmother.  Mother and Father were receiving reunification services.  On March 11, 2013 the Los Angeles County Department of Children and Family Services (Department) filed a petition under section 300 to declare Vincent a dependent child of the court.  The petition alleged Mother and Father had failed to comply with the juvenile court's orders to participate in substance abuse treatment with random drug testing and parenting programs in the Siblings' case, placing Vincent at risk of physical harm.

In its report for the detention hearing the Department stated the juvenile court had sustained a dependency petition as to the Siblings on July 20, 2011 after the youngest child was born with a positive toxicology screen for marijuana, the family home was

---

[1]     Statutory references are to the Welfare and Institutions Code.

[2]     Initially, Father and Vincent's mother, Marlene G. (Mother), each filed a petition in propria persona challenging the juvenile court's May 20, 2013 order.  We dismissed these petitions as inadequate.  (See Cal. Rules of Court, rule 8.452(a), (b) [setting forth requirements for a writ petition to review order setting hearing under § 366.26]; *Cresse S. v. Superior Court* (1996) 50 Cal.App.4th 947, 955.)  After the instant petition was filed by Father's appointed counsel, Mother filed a "joinder" in the petition.  We consider this document to be a statement of support for the position asserted and relief requested by Father, rather than a separate petition to review the juvenile court's order setting the section 366.26 hearing.  (Cal. Rules of Court, rule 8.452(a), (b); cf. *Decker v. U.D. Registry, Inc.* (2003) 105 Cal.App.4th 1382, 1391 [although "standard practice" permits parties to join in each other's arguments, "joining in an argument is different from joining in a motion"; absent compliance with procedural requirements for a properly filed

2

found to be infested with cockroaches, the Siblings had numerous cockroach bites on their bodies, and Father had failed to protect the Siblings from Mother's use of illicit drugs. At the disposition hearing the juvenile court released the Siblings under the supervision of the Department with a home-of-parent order, directed Father and Mother to complete a substance abuse treatment program and a parenting education program and to submit to weekly random drug testing, and ordered a family preservation referral.

The Department further reported it had removed the Siblings from the family home on February 22, 2012 and filed a supplemental petition pursuant to section 387, alleging Father and Mother had failed to comply with the court's orders by leaving the Siblings unsupervised in the home. The petition further alleged Mother and Father had failed to comply with the order for drug testing and Father had failed to participate in a parenting program. On April 11, 2012 the court had sustained the section 387 petition, ordered the Siblings placed in the home of the maternal grandmother and ordered family reunification services for Father and Mother under the terms and conditions of their original case plan.

The Department also indicated Father had failed to appear for an intake appointment at a drug program on August 6, 2012, and did not enroll in a program until November 29, 2012. On February 27, 2013 Father's drug program counselor reported he had provided Father with a progress letter recommending that Father remain in the program for the full six months. Father was dissatisfied with the counselor's recommendation, and he crumpled the letter and put it in his backpack. The counselor reported Father was in denial about his case issues. As of the date of the Department's report Father was on summary probation for a domestic violence conviction and had missed seven drug tests and produced six diluted specimens.

The Department explained a toxicology screen was not conducted until three days after Vincent's birth because Mother denied having a drug history and did not disclose her child welfare history to the hospital staff. The Department's social worker obtained a

motion, party "joining" other party's motion lacks standing to seek relief from the court].)

3

warrant for Vincent's detention and, when she attempted to execute the warrant, Father and Mother became upset and threatened to call the police. As Mother was holding Vincent, Father grabbed him from her arms and tossed him on the bed. On March 11, 2013 the court ordered Vincent detained, and the Department placed him in the maternal grandmother's home.

In its jurisdiction and disposition report submitted April 11, 2013, the Department stated the social worker interviewed Father and Mother on April 9, 2013 following numerous unsuccessful attempts to contact them. Father denied being out of compliance with his case plan and denied he or Mother used drugs. When the social worker observed he had missed two drug test appointments in March, Father stated he had a medical excuse for missing the second test and he was not aware he had to appear for the first test. Father denied any history of domestic violence. The maternal grandmother told the social worker Father and Mother had a history of domestic violence, neither was willing to address this issue, and they both denied there were any problems in their relationship, which the grandmother considered to be unstable and unsafe for the children. The grandmother also told the social worker both parents had substance abuse problems and Father had once misdirected a text message to her asking to buy a "dime bag."

The Department also stated Father's counselor had indicated Father needed significant additional work before he could maintain a stable home environment for his children. Father had been inconsistent in visiting the children and had missed the last two scheduled visits. The Department recommended that Vincent be declared a dependent of the court and that Father and Mother be afforded reunification services.

On April 29, 2013 the juvenile court conducted the 12-month review hearing for the Siblings (§ 366.21, subd. (f)). The court terminated reunification services for Father and Mother and set the matter for a hearing under section 366.26 as to the Siblings. On May 16, 2013 the Department modified its recommendation regarding reunification services, now urging the court to deny reunification services to Father and Mother as to Vincent based on their failure to reunify with the Siblings and failure to make reasonable

4

efforts to treat the problems that led to the Siblings' removal from their custody. (§ 361.5, subd. (b)(10).)

On May 20, 2013 the juvenile court conducted the jurisdiction and disposition hearing regarding Vincent. After the court admitted the Department's various reports into evidence, Father's counsel requested dismissal of the dependency petition as to him, urging there was insufficient evidence to support the allegations made about Father. Vincent's counsel argued the petition should be sustained, insisting Father was clearly in denial of the problems that led to the Siblings' and Vincent's removal, as reflected by Father's crumpling of the counselor's report recommending additional participation in counseling, his belief his relationship with Mother was "perfect," and his failure to participate meaningfully in his court-ordered programs. The Department's counsel joined in the argument made by Vincent's counsel, observing that Father had also failed to comply with the court's orders for drug testing.

The juvenile court sustained the section 300 petition, finding that Father and Mother had failed to regularly participate in their court-ordered programs and made "all kinds of excuses" for their failure to participate. The court then proceeded to disposition.

Counsel for the Department requested the court deny reunification services to Father and Mother based on their failure to reunify with the Siblings and to make a reasonable effort to treat the problems that led to the Siblings' removal from their custody. (§ 361.5 (b)(10).) Vincent's counsel joined in the Department's request. Father's counsel asked the court to return Vincent to Father's custody or, in the alternative, offer him reunification services.

After hearing argument the court denied reunification services to Father and Mother and, pursuant to section 366.26, set the matter for a selection and implementation hearing. The court commented that Father and Mother had five children in the previous seven years and had failed to reunify with four of them after two years of reunification services, and then concluded under the circumstances it would be "just really a waste of time" to offer Father and Mother additional services.

5

**CONTENTIONS**

Father contends (1) there was not substantial evidence to support the juvenile court's jurisdiction findings, and (2) the juvenile court erred in denying reunification services.

**DISCUSSION**

1. *Substantial Evidence Supports the Juvenile Court's Jurisdiction Findings.*[3]

As sustained by the juvenile court, the section 300 petition alleged, as to Father, he had failed to participate in various court-ordered programs in the Siblings' case, placing Vincent at risk of serious physical harm. The evidence before the court, as we have set forth, clearly established Father's participation in his court-ordered programs was unsatisfactory: Father delayed months before enrolling in a substance abuse program and had not completed the program as of the date of the adjudication hearing; he missed numerous drug tests and produced diluted specimens when he did test; and he failed altogether to participate in a parenting program. Under these circumstances there was ample evidence to support the juvenile court's jurisdiction findings.[4]

---

[3]      When we review the juvenile court's findings under the substantial evidence standard, we inquire only whether there is any evidence, contradicted or uncontradicted, that supports the court's determination. We resolve all conflicts in support of the determination, indulge in all legitimate inferences to uphold the findings and may not substitute our deductions for those of the juvenile court. (*In re Katrina C.* (1988) 201 Cal.App.3d 540; *In re John V.* (1992) 5 Cal.App.4th 1201, 1212; *In re I.J.* (2013) 56 Cal.4th 766, 773; *Los Angeles County Dept. of Children & Family Services v. Superior Court* (2013) 215 Cal.App.4th 962, 966; *In re R.C.* (2012) 210 Cal.App.4th 930, 940.)

[4]      To the extent Father challenges the legal sufficiency of the section 300 petition, he has forfeited this claim by failing to make his challenge in the juvenile court. A parent who wishes to challenge the legal sufficiency of a section 300 petition may demur to the petition or object by "a motion akin to a demurrer." (See *In re Fred J.* (1979) 89 Cal.App.3d 168, 176-177; Super. Ct. L.A. County, Local Rules, rule 7.16(d) ["parent may file a demurrer [which must be set for hearing] to challenge the legal sufficiency of a dependency petition that alleges facts which, even if determined to be true, (a) are not sufficient to state a cause of action . . . ."].) The reported appellate decisions consistently

2. *Reunification Services Were Properly Denied to Father.*

Recognizing that in certain categories of cases it is futile to provide reunification services, the Legislature has enacted provisions for "fast-track" permanency planning under specified circumstances. (See *Deborah S. v. Superior Court* (1996) 43 Cal.App.4th 741, 750-751, *Randi R. v. Superior Court* (1998) 64 Cal.App.4th 67, 70-71.) One such situation is when reunification with a sibling has failed previously and the parent has not made a reasonable effort to treat the problems that led to the sibling's removal from the parent's custody. (§ 361.5, subd. (b)(10).) Section 361.5, subdivision (b)(10), addresses the problem of recidivism by a parent despite reunification services by positing that a parent who has failed in one course of reunification is unlikely to succeed with a new round of services. (See *In re Baby Boy H.* (1998) 63 Cal.App.4th 470, 478.) When a case falls within these provisions, "the general rule favoring reunification is replaced by a legislative assumption that offering services would be an unwise use of governmental resources" (*ibid.*); and the juvenile court lacks power to order reunification unless it finds, by clear and convincing evidence, that reunification is in the child's best interest. (§ 361.5, subd. (c), 2d par.)

Substantial evidence in the record supports the juvenile court's finding Father did not make a reasonable effort to treat the problems that led to the removal of the Siblings from his custody. The record shows, although he had participated in some of his court-ordered programs in the Siblings' case, after two years of services Father continued to deny he had engaged in domestic violence despite his conviction for domestic violence and his probationary status on the date of the jurisdiction hearing as to Vincent; Father had not completed a substance abuse treatment program; his counselor reported Father

---

hold a parent's failure to challenge the sufficiency of the petition in the juvenile court forfeits the right to raise the issue on appellate review. (See *In re Shelley J.* (1998) 68 Cal.App.4th 322, 328-329; *In re James C.* (2002) 104 Cal.App.4th 470; *In re S. O.* (2002) 103 Cal.App.4th 453; *Los Angeles County Dept. of Children & Family Services v. Superior Court* (2008) 162 Cal.App.4th 1408, 1417; *In re David H.* (2008) 165 Cal.App.4th 1626, 1638-1640; *In re Christopher C.* (2010) 182 Cal.App.4th 73, 82-83.)

had failed to make satisfactory progress in the programs he was attending; Father had missed numerous drug testing appointments; and his visits with the Siblings had been inconsistent.

Father failed to present any evidence, and does not suggest in this writ proceeding he satisfied his burden of proving by clear and convincing evidence, that providing reunification services to him would be in Vincent's best interest.[5] In any case, there is ample support for the juvenile court's conclusion to deny reunification services. (See *Edgar O. v. Superior Court* (2000) 84 Cal.App.4th 13, 18; *Curtis F. v. Superior Court* (2000) 80 Cal.App.4th 470, 474.) The record, as we have set forth, shows that during the two-year pendency of the dependency proceedings involving the Siblings, Father made little effort to resolve the problems that led to his children's removal from his custody and to turn his life around and become a responsible parent. Any further delay in the implementation of a permanent plan would clearly be detrimental to Vincent, who has a fundamental right to stability and permanence. (See *In re Marilyn H.* (1993) 5 Cal.4th 295, 307; *In re Jasmon O.* (1994) 8 Cal.4th 398, 419.)

---

Because Father failed to raise the issue of the legal sufficiency of the section 300 petition in the juvenile court, he has forfeited the issue on appeal.

[5] "The 'clear and convincing evidence' test requires a finding of high probability, based on evidence ""'so clear as to leave no substantial doubt' [and] 'sufficiently strong to command the unhesitating assent of every reasonable mind.''"" (*Conservatorship of Wendland* (2001) 26 Cal.4th 519, 552, quoting *In re Angelia P.* (1981) 28 Cal.3d 908, 919.)

## DISPOSITION

The petition is denied on the merits.

PERLUSS, P. J.

We concur:

WOODS, J.

ZELON, J.