Filed 3/26/21  Anthony D. v. S.C. CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| ANTHONY D.,<br><br>        Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO,<br><br>        Respondent;<br><br>SAN FRANCISCO HUMAN SERVICES AGENCY,<br><br>        Real Party in Interest. | A161883<br><br>(San Francisco City & County Super. Ct. No. JD20-3304) |

A.D. (Father) challenges an order of the San Francisco Superior Court, Juvenile Division, made January 22, 2021, in which the juvenile court declined to provide Father with reunification services and set a hearing under Welfare and Institutions Code[1] section 366.26 to select a permanent plan for the minor, J.D. (Minor).  Father objects to the finding that he is not entitled to reunification services.  We conclude substantial evidence supports the denial of reunification services and deny Father's petition for an extraordinary writ on the merits.

---

[1] All statutory references are to the Welfare and Institutions Code.

# I. BACKGROUND

Minor and her mother (Mother) tested positive for methamphetamines, cannabis, and opiates at the time of Minor's birth. Two days later, the San Francisco Human Services Agency (Agency) filed a petition under section 300, subdivisions (b)(1) and (j). The juvenile court held a contested detention hearing and ordered that Minor be detained.

Prior to the current petition, the Agency removed Minor's sibling, M.D., from both parents due to general neglect. Father was offered reunification services as to M.D., which included parenting classes, participation in individual therapy, and a substance abuse assessment. Father objected to participating in therapy and did not complete the substance abuse assessment. He subsequently failed to reunify with M.D. and those services were terminated.

With regard to Minor, the Agency's disposition report recommended denying reunification services to Father because he "has not completed any services or demonstrated behavioral changes (continues to be hostile and resistant to suggestions or advice regarding parenting skills) and continues to lack protective capacities." Specifically, the report stated Father "refused to meet with the [social worker] regarding the family's current situation," refused to participate in virtual visitation with Minor, and attempts to contact Father went unanswered. The Agency also noted Father has "not benefited from previous interventions" to address parenting skills.

The court held a contested jurisdiction/disposition hearing. At that hearing, Father testified he was unaware of Mother's drug use during pregnancy and he understood "it is terrible." Father testified that he and Mother had "talked about addressing the issues," and she was willing to move out of the family home. He also testified he was working fewer hours so

2

there was a low risk of him leaving Minor without proper supervision. When asked whether he would participate in therapy, Father responded, "I am not opposed to it, but I don't see, like, how that has to do with being able to parent." However, he also indicated he would participate in services if provided.

Following the hearing, the juvenile court sustained certain jurisdictional allegations as to Father under section 300, subdivision (b). Specifically, Father had been "unable to provide proper care, shelter, and supervision for [Minor] [and] as a result [Father] has failed to protect [Minor] from abuse and neglect from the mother, which place [Minor] at risk for further neglect and abuse." Father also "has a history of leaving [Minor]'s oldest sibling, [M.D.] . . . in care of the mother despite knowing the mother has an extensive substance abuse problem that impacts her ability to safely care for the child, which puts [Minor] at risk of neglect and abuse." The court also sustained allegations under section 300, subdivision (j), that M.D. is "placed out of their care due to general neglect and parent's failure to supervise, protect and provide for the child," Father's reunification services were terminated, and a section 366.26 hearing was scheduled. The court found Father had made minimal to no effort to address the issues giving rise to Minor's detention and denied reunification services pursuant to section 361.5, subdivision (b)(10). Father subsequently filed the current petition.

## II. DISCUSSION

Father argues the juvenile court abused its discretion in denying him services pursuant to section 361.5, subdivision (b)(10), because he acknowledged the problems which led to the removal of M.D. We disagree and deny the petition.

3

## A. *Relevant Law*

"[U]p until the time the section 366.26 hearing is set, the parent's interest in reunification is given precedence over the child's need for stability and permanency." (*In re Marilyn H.* (1993) 5 Cal.4th 295, 310.)  The juvenile court is required to order family reunification services whenever a child is removed from the custody of his or her parent or guardian unless that court finds by clear and convincing evidence that one of the enumerated exceptions set forth in section 361.5, subdivision (b) applies.  (§ 361.5, subds. (a) & (b); *Rosa S. v. Superior Court* (2002) 100 Cal.App.4th 1181, 1188.)  "These enumerated 'bypass' provisions are the specific instances in which the Legislature has recognized 'that it may be fruitless to provide reunification services,' and once the court has found one of these specific instances applicable, 'the general rule favoring reunification is replaced by a legislative assumption that offering services would be an unwise use of governmental resources.' " (*Melissa R. v. Superior Court* (2012) 207 Cal.App.4th 816, 821.)

Section 361.5, subdivision (b)(10) authorizes the court to deny reunification services to a parent if "the court ordered termination of reunification services for any siblings . . . of the child because the parent . . . failed to reunify with the sibling" after the sibling was removed, and the parent "has not subsequently made a reasonable effort to treat the problems that led to removal of the sibling . . . ."  We review the juvenile court's order denying reunification services under section 361.5, subdivision (b), for substantial evidence:  "[W]e must decide if the evidence is reasonable, credible, and of solid value, such that a reasonable trier of fact could find the court's order was proper based on clear and convincing evidence." (*Curtis F. v. Superior Court* (2000) 80 Cal.App.4th 470, 474.)

4

If the juvenile court finds section 361.5, subdivision (b)(10) applies, then the court "shall not order reunification [for the parent] unless the court finds, by clear and convincing evidence, that reunification is in the best interest of the child." (§ 361.5, subd. (c)(2).) "We review a juvenile court's best interest determination in this context for abuse of discretion." (*Jennifer S. v. Superior Court* (2017) 15 Cal.App.5th 1113, 1124–1125.)

## B. Analysis

Father contends the juvenile court erred in finding that section 361.5, subdivision (b)(10) applied because he made reasonable efforts to treat the problems that led to Minor's sibling, M.D., being removed from his care. In support of his position, Father cites to his testimony in which he acknowledged the risk posed by Mother's substance abuse and her need for treatment, stated Mother would move out of the family home, claimed he would be a more present parent, and expressed a willingness to engage in services. His argument is not persuasive.

Substantial evidence supports the juvenile court's finding that Father has not made reasonable efforts to address the problems that led to M.D.'s removal. The record indicates M.D. was removed due to Mother's substance abuse and mental health issues and Father's inability to protect M.D. from Mother. Father was ordered to complete a parenting class, substance abuse assessment, and therapy, but failed to do so and reunification services were terminated.

Here, Minor was removed due to identical concerns. Rather than acknowledge those concerns and work toward a different outcome, Father's conduct indicates a complete lack of awareness and engagement. Father refused to speak to the social worker at the hospital after Minor tested positive for methamphetamine, opiates, and cannabis at birth. He failed to

5

return any telephone calls or texts sent by the Agency's social worker regarding Minor. And he refused to participate in virtual visitation with Minor. Moreover, Father denied the prior allegations that led to M.D.'s removal and testified he had not, in fact, left M.D. unsupervised with Mother and "that was a totally false accusation and a lie." As summarized by the Agency, Father "failed to benefit from pervious interventions," "refused to meet with the [social worker] regarding the family's current situation[,] and was unable to demonstrate his ability to provide care and protection for [Minor]."

Father's testimony at the disposition hearing regarding his willingness to protect Minor was undermined by his repeated failure to acknowledge Mother's substance abuse problems. He stated the Agency had made "accusation[s]" Mother was using drugs, but repeatedly denied ever seeing Mother using or on drugs. When challenged about his relationship with Mother, Father responded by calling the petition allegations "made-up." Similarly, Father continued to express reluctance about the need for therapy, stating he "do[es]n't see the reason" and is "kind of still against" therapy because he is "not too comfortable just talking to somebody about my problems like that." The only concrete step Father identified taking was speaking with Mother about her moving out of the family home while she sought substance abuse treatment. Mother had not, however, actually left the family home, the record did not identify where Mother would live once she left the family home, and the parents reiterated their intent to stay married.

The Agency also expressed concern Father had "failed to demonstrate that he has capacity to independently care for an infant." In response, Father stated his lighter work schedule would allow him to better supervise

Minor.  However, he offered no concrete plan for doing so apart from taking Minor "to the park" while Mother was "doing her own thing."  He did not identify any resources he could utilize to ensure his ability to parent independently.  Nor did he explain how he would continue to do so if, for example, he obtained more demanding employment in the future.

While "[t]he 'reasonable effort to treat' standard 'is not synonymous with "cure," ' " "[t]o be reasonable, the parent's efforts must be more than 'lackadaisical or half-hearted.' " (*K.C. v. Superior Court* (2010) 182 Cal.App.4th 1388, 1393.)  Here, Father demonstrated no meaningful effort to address the issues that led to the prior removal of M.D.  Nor has he raised any argument that reunification is in the best interests of Minor.  Accordingly, substantial evidence supports the juvenile court's finding that section 361.5, subdivision (b)(10) applies, and the court did not abuse its discretion in denying Father reunification services.

### III.  DISPOSITION

Father's petition for extraordinary writ is denied on the merits.  Our decision is final as to this court immediately.  (Cal. Rules of Court, rules 8.450(a), 8.490(b)(2)(A).).

MARGULIES, J.

WE CONCUR:

HUMES, P. J.

BANKE, J.

A161883
*Anthony D. v. Superior Court*

8