Opinion
 

 LEVY, J.—
 

 Statement of the Case and Facts
 

 Appellant, Sheila H., gave birth to the minor, Baby Boy H., on June 16, 1997. At the time of his birth, the minor had a positive toxicology screen for opiates. Consequently, on June 18, a juvenile dependency petition was filed under Welfare and Institutions Code
 
 [1]
 
 section 300.
 

 The petition alleged appellant’s use of illegal substances impaired her ability to provide adequate and appropriate care for the child. (§ 300, subd. (b).) The petition further alleged the minor had siblings or half-siblings who had been abused or neglected. (§ 300, subd. (j).)
 

 At the time this petition was filed, two of appellant’s children, Wyatt, the minor’s sibling, and Shawn, the minor’s half-sibling, were already dependent children of the court. The court had assumed jurisdiction over these children on June 14, 1996, and reunification services were being provided to appellant.
 

 However, appellant’s parental rights had already been terminated with respect to two other children. The minor’s twin half-siblings, Cody and
 
 *473
 
 Anna, were adjudged dependent children in 1992, and family reunification services were provided to appellant. These reunification services were terminated in March 1994, and adoptions for both Cody and Anna were finalized in June 1995.
 

 The social study prepared for the jurisdictional hearing on Baby Boy H. outlined the family’s “long history” with the department of human services. With respect to the services appellant had been receiving for Wyatt and Shawn, the report noted appellant “had made some progress, as she had maintained a drug-free lifestyle, until recently, however, when she provided the department with dirty drug tests, as well as having her most recent baby born with a positive toxicology screen for opiates.” On July 7, 1997, the court adjudged Baby Boy H. a dependent child and set the dispositional hearing for August 4.
 

 On July 12, 1997, the 12-month review hearing was held with respect to appellant’s 2 other dependent children, Shawn and Wyatt. (§ 366.21, subd. (f).) In the reports prepared for this hearing, the social worker noted appellant had been making moderate progress toward completing her court-ordered obligations but, unfortunately, had recently tested positive for a controlled substance. The social worker stated she had planned to recommend that both children be returned to appellant’s care. However, due to the recent drag test, that recommendation was no longer an option. Nevertheless, the social worker concluded it was still possible for appellant to complete the reunification obligations within the next six months and thus recommended additional services be provided. Despite this recommendation, the trial court terminated reunification services.
 

 The social study report prepared for the August 4 dispositional hearing for Baby Boy H. recommended that reunification services not be provided to appellant pursuant to section 361.5, subdivision (b)(10). The report based this recommendation on the fact that appellant “had twin children and her parental rights were terminated in 1994, and her continued substance abuse and unstable lifestyle.” However, reunification services were recommended for the minor’s father.
 

 In making the dispositional orders for Baby Boy H., the court considered the social worker’s report and took judicial notice of the court records pertaining to Shawn and Wyatt. Following testimony from appellant and argument of counsel, the trial court adopted the social worker’s plan. In accordance with this plan, the court-ordered reunification services were not to be provided to appellant, “as there is current convincing evidence that the minor comes within Section 361.5 sub. B-10 of the Welfare and Institution[s] Code. ¶ Court finds permanent plan of adoption, legal guardianship
 
 *474
 
 or long term foster care has been ordered for the minor siblings or half siblings because the parent failed to reunify with the siblings or half siblings after the siblings or half siblings had been removed from the parents pursuant to Section 361 of the Welfare and Institution[s] Code.”
 

 Appellant filed this appeal from the order denying reunification services. This was the correct procedure. Since this order was not accompanied by a simultaneous order setting a section 366.26 hearing, a timely appeal was required for appellate review of this issue.
 
 (Wanda B.
 
 v.
 
 Superior Court
 
 (1996) 41 Cal.App.4th 1391 [49 Cal.Rptr.2d 175].)
 

 Discussion
 

 1.
 
 Whether the trial court abused its discretion in denying, reunification services.
 

 Section 361.5, subdivision (a) explicitly directs the juvenile court to order child welfare services for the minor and the minor’s parents whenever a minor is removed from a parent’s custody. This requirement implements the law’s strong preference for maintaining the family relationship if at all possible.
 
 (In re Rebecca H.
 
 (1991) 227 Cal.App.3d 825, 843 [278 Cal.Rptr. 185].) However, there are limited exceptions to this rule listed in subdivision (b). Although these exceptions are narrow in scope and subject to proof by the enhanced “clear and convincing” standard, they demonstrate a legislative determination that in certain situations, attempts to facilitate reunification do not serve and protect the child’s interests.
 

 The juvenile court has broad discretion to determine what would best serve and protect the child’s interests and to fashion a dispositional order accordingly. On appeal, this determination cannot be reversed absent a clear abuse of discretion.
 
 (In re Christopher H.
 
 (1996) 50 Cal.App.4th 1001, 1006 [57 Cal.Rptr.2d 861].)
 

 Section 361.5, subdivision (b)(10), the exception which was applied here, states reunification services need not be provided to a parent when the court finds by clear and convincing evidence “That (A) the court ordered a permanent plan of adoption, guardianship, or long-term foster care for any siblings or half-siblings of the minor because the parent or guardian failed to reunify with the sibling or half-sibling after the sibling or half-sibling had been removed from that parent or guardian pursuant to Section 361 and that
 
 *475
 
 parent or guardian is the same parent or guardian described in subdivision (a), or (B) the parental rights of a parent or guardian over any sibling or half-sibling of the minor had been permanently severed, and that, according to the findings of the court, this parent or guardian has not subsequently made a reasonable effort to treat the problems that led to removal of the sibling or half-sibling of that minor from that parent or guardian.”
 

 Appellant contends the trial court abused its discretion in denying reunification services for Baby Boy H. Appellant relies on the social study prepared for Shawn and Wyatt, arguing that, except for the relapse shortly before Baby Boy H. was bom, appellant was making substantial progress toward reunifying with these children. Thus, appellant argues, the evidence does not support the finding that she failed in her efforts to reunify with her children, i.e., she made a reasonable effort to treat the problems that led to removal of Shawn and Wyatt from her custody.
 

 However, the plan proposed by the social worker and adopted by the juvenile court relied on appellant’s failure to reunify with the twins, Anna and Cody, to support the denial of services. Appellant does not dispute that she failed to reunify with the twins, her parental rights were terminated, and the children were adopted. Thus, section 361.5, subdivision (b)(10)(A) applied to appellant by clear and convincing evidence. Consequently, the juvenile court did not abuse its discretion in ordering that no services be provided to appellant for Baby Boy H.
 

 2.
 
 Whether section 361.5, subdivision (b)(10) is unconstitutional.
 

 Appellant contends that section 361.5, subdivision (b)(10) violates a parent’s constitutional right to procedural due process. Appellant asserts granting the juvenile court the power to refuse reunification services to a parent who previously failed to reunify with a different child does not comport with constitutional requirements because “(a) it creates an irrebuttable presumption of inability to parent based on prior court orders, (b) dramatically increases the risk of erroneous deprivation of parental rights, (c) is overbroad, and (d) the harm it addresses is not related to the ability to parent.”
 

 Preliminarily, appellant appears to assume she is constitutionally entitled to reunification services. However, such services are a “benefit.” There is no constitutional “entitlement” to these services.
 
 (In re Christina A.
 
 (1989) 213 Cal.App.3d 1073, 1078-1079 [261 Cal.Rptr. 903].)
 

 
 *476
 
 To support her arguments, appellant relies on the United States Supreme Court case of
 
 Santosky
 
 v.
 
 Kramer
 
 (1982) 455 U.S. 745 [102 S.Ct. 1388, 71 L.Ed.2d 599]. In
 
 Santosky,
 
 the court analyzed whether the evidentiary standard used by the State of New York to terminate parental rights complied with due process requirements. Under the New York law, the parental relationship could be severed based on findings supported by a fair preponderance of the evidence.
 
 (Id.
 
 at p. 749 [102 S.Ct. at pp. 1392-1393].) The
 
 Santosky
 
 court held this standard of proof was insufficient to establish parent unfitness. Rather, the court required a heightened standard.
 
 (Id.
 
 at p. 769 [102 S.Ct. at p. 1403].) Parental rights are a fundamental liberty interest. Thus, the standard of proof required in an action to terminate such rights requires a balancing of the private interests affected, the risk of error created by the state’s chosen procedure, and the countervailing governmental interest supporting the procedure.
 
 (Id.
 
 at pp. 753-754 [102 S.Ct. at pp. 1394-1395].)
 

 In
 
 Cynthia D.
 
 v.
 
 Superior Court
 
 (1993) 5 Cal.4th 242, 251 [19 Cal.Rptr.2d 698, 851 P.2d 1307], the California Supreme Court applied the
 
 Santosky
 
 factors to the California statutory scheme. The court considered whether, after a minor is declared a dependent child of the juvenile court, the parent’s rights can be terminated based on a preponderance of the evidence finding that return of the child to the parent would create a substantial risk of detriment to the child. The petitioner in
 
 Cynthia D.
 
 argued due process required that the finding be supported by clear and convincing evidence. (5 Cal.4th at p. 250.) However, the court disagreed.
 

 The
 
 Cynthia D.
 
 court held that, when considered in the context of the entire process for terminating parental rights, applying the preponderance of ’ the evidence standard at this late stage in the proceedings is sufficient. The court concluded the procedure “comports with the due process clause of the Fourteenth Amendment because the precise and demanding substantive and procedural requirements the petitioning agency must have satisfied before it can propose termination are carefully calculated to constrain judicial discretion, diminish the risk of erroneous findings of parental inadequacy and detriment to the child, and otherwise protect the legitimate interests of the parents.” (5 Cal.4th at p. 256.) The court noted clear and convincing evidence of a substantial danger to the “physical health, safety, protection, or physical or emotional well-being of the minor’) is required in order to remove the child from parental custody. (§ 361, subd. (c)(1).) Additionally, the court must appoint counsel for a parent unable to afford one whenever the agency recommends out-of-home care. (5 Cal.4th at p. 255.) Finally, the law’s emphasis on the preservation of the family whenever possible and the
 
 *477
 
 number and quality of the judicial findings that are necessary preconditions to termination of parental rights, serve to reduce the risk of erroneous fact finding. The law sends a powerful message to the fact finder that subjective certainty about parental unfitness and detriment is necessary.
 
 (Id.
 
 at pp. 255-256.)
 

 Appellant acknowledges
 
 Cynthia D.
 
 found the California statutory scheme comported with due process. Nevertheless, because section 361.5, subdivision (b)(10) was enacted after
 
 Cynthia D.
 
 was decided, appellant argues the
 
 Cynthia D.
 
 reasoning is inapplicable. Appellant notes subdivision (b)(10) does not take into account either the lapse of time between the earlier failure to reunify and the current proceeding or whether the parent successfully cared for another child in the interim. Appellant then postulates that one “report from a governmental agency would be sufficient to deny such a parent any reunification services. Under this scenario, there would be no need to hold more than one hearing to practically terminate this parent’s rights without using clear and convincing standard of proof that this parent is unable to parent a child. A proof of prior court orders would be sufficient to deny reunification services and move directly .to a 366.21 hearing where a mere preponderance of evidence is sufficient to terminate parental rights.” Based on this logic, appellant concludes the due process protections enumerated by the court in
 
 Cynthia D.
 
 are absent under section 361.5, subdivision (b)(10).
 

 Appellant’s argument is premised on an out-of-context reading of one subdivision contained in a complex statutory scheme. “One section of the dependency law may not be considered in a vacuum.” Rather, each section must be construed with reference to the entire process for terminating parental rights.
 
 (In re Marilyn H.
 
 (1993) 5 Cal.4th 295, 307 [19 Cal.Rptr.2d 544, 851 P.2d 826].)
 

 When section 361.5, subdivision (b)(10) is examined in the context of the dependency proceedings as a whole, the flaw in appellant’s argument becomes apparent. Contrary to appellant’s analysis, this subdivision would not permit a parent’s rights to be terminated based only on a preponderance of the evidence standard. Rather, at the dispositional hearing, the burden is on the state to prove,
 
 by clear and convincing evidence,
 
 that removal of the child from the parent’s custody is necessary.
 
 (In re Marilyn H., supra, 5
 
 Cal.4th at p. 308.) Thus, before subdivision (b)(10) is even considered, the heightened standard of proof on the crucial issue of whether the child should be adjudged a dependent of the juvenile court must be met. Otherwise, the dependency proceeding will not go forward.
 

 Consequently, appellant’s position that this subdivision creates an irrebuttable presumption of inability to parent based on prior court orders and
 
 *478
 
 dramatically increases the risk of erroneous deprivation of parental rights is unfounded. Rather, it is the person’s current parenting skills, examined in light of a heightened standard of proof, which determine whether the child will be adjudged a dependent.
 

 Appellant’s argument that this subdivision is overbroad and arbitrary because it emphasizes past conduct and disregards the present circumstances of the parent is also without merit. As discussed above, it is the parent’s present circumstances which determine whether the minor is adjudged a dependent child of the juvenile court.
 

 As a general rule, reunification services are offered to parents whose children are removed from their custody in an effort to eliminate the conditions leading to loss of custody and facilitate reunification of parent and child. This furthers the goal of preservation of family, whenever possible.
 
 (Raymond C.
 
 v.
 
 Superior Court
 
 (1997) 55 Cal.App.4th 159, 163 [64 Cal.Rptr.2d 33].) Nevertheless, as evidenced by section 361.5, subdivision (b), the Legislature recognizes that it may be fruitless to provide reunification services under certain circumstances.
 
 (Deborah S.
 
 v.
 
 Superior Court
 
 (1996) 43 Cal.App.4th 741, 750 [50 Cal.Rptr.2d 858].) Once it is determined one of the situations outlined in subdivision (b) applies, the general rule favoring reunification is replaced by a legislative assumption that offering services would be an unwise use of governmental resources.
 
 (Raymond C.
 
 v.
 
 Superior Court, supra,
 
 55 Cal.App.4th at p. 164.)
 

 The exception at issue here, section 361.5, subdivision (b)(10), recognizes the problem of recidivism by the parent despite reunification efforts. Before this subdivision applies, the parent must have had at least one chance to reunify with a different child through the aid of governmental resources and fail to do so. Experience has shown that with certain parents, as is the case here, the risk of recidivism is a very real concern. Therefore, when another child of that same parent is adjudged a dependent child, it is not unreasonable to assume reunification efforts will be unsuccessful. Further, the court may still order reunification services be provided if the court finds, by clear and convincing evidence, that reunification is in the best interests of the child. (§ 361.5, subd. (c).)
 

 Section 361.5, subdivision (b)(10) comports with the requirements of due process. We conclude the statute is constitutional.
 

 
 *479
 
 Disposition
 

 The judgment is affirmed.
 

 Ardaiz, P. J., and Stone (W.A.), J., concurred.
 

 Appellant’s petition for review by the Supreme Court was denied July 8, 1998.
 

 [1]
 

 All further statutory references are to the Welfare and Institutions Code.