[No. C030215. Third Dist. Feb. 22, 1999.]

In re JASMINE C. et al., Persons Coming Under the Juvenile Court Law.
SACRAMENTO COUNTY DEPARTMENT OF HEALTH AND HUMAN
SERVICES, Plaintiff and Respondent, v.
DANA C., Defendant and Appellant.

72

**COUNSEL**

Mario de Solenni, under appointment by the Court of Appeal, for Defendant and Appellant.

Robert A. Ryan, Jr., County Counsel, and Lilly C. Frawley, Deputy County Counsel, for Plaintiff and Respondent.

**OPINION**

**SIMS, J.**—Dana C., the mother of the minors, appeals from orders of the juvenile court declaring the minors to be dependent children of the court and denying appellant reunification services. (Welf. & Inst. Code, §§ 360, subd. (d), 395; further statutory references are to the Welfare and Institutions Code.) Appellant contends the court erred in denying her reunification services. We disagree with that contention and shall affirm the orders.

FACTUAL AND PROCEDURAL BACKGROUND

On April 20, 1998, the Sacramento County Department of Health and Human Services (DHHS) filed section 300 petitions on behalf of seven-year-old Jasmine, eight-year-old Joseph, and nine-year-old John. Each of the petitions alleged the minors had suffered, or there was a substantial risk they would suffer, serious physical harm, as a result of the failure or inability of appellant and the father of the minors to supervise or protect them adequately, and due to the inability of appellant and the father to provide regular care for the minors due to the parents' substance abuse.[1]

In support of those allegations, the petitions averred appellant was a registered drug offender with a history of substance abuse, from which she had not rehabilitated and which rendered her incapable of providing proper care for the minors. The petitions also alleged appellant was incarcerated in state prison following her convictions on narcotics and carjacking charges. According to the petitions, appellant had failed to reunify with Jessica C., a sibling of the minors, and she was denied reunification services with regard to another sibling, Madeline.

Appellant has a history of six prior DHHS referrals. According to a social worker's report, some of those referrals related to appellant's "extensive use of drugs" while caring for the minors. As to Jessica, appellant failed to complete her reunification plan, which resulted in a permanent plan of adoption for Jessica. The report noted that appellant was not offered services in connection with Madeline.

At the time the petitions were filed, the minors were living with their father, John C. There were two prior DHHS referrals while the minors were in John's custody. Thereafter, John, also an admitted drug user, was incarcerated.

A June 1998 social worker's report noted appellant was scheduled for release from prison in December 1998. That report also noted the minors were bonded to appellant, and they wished to reunify with appellant and their father. However, due to appellant's history, the social worker recommended appellant be denied reunification services.

At the conclusion of the July 13, 1998, disposition hearing, the juvenile court denied appellant reunification services, pursuant to section 361.5, subdivisions (b)(10) and (b)(12). The court found that reunification would not be in the best interests of the minors. The court made its findings by clear and convincing evidence.

---

[1]The father of the minors is not involved in this appeal.

## DISCUSSION

### I

Appellant challenges the sufficiency of the evidence for the juvenile court's order denying her reunification services, pursuant to subdivisions (b)(10) and (b)(12) of section 361.5. She also claims the court failed to make factual findings required under subdivision (b)(10). Moreover, according to appellant, the record contains no evidence to support those findings.

When the sufficiency of the evidence to support a finding or order is challenged on appeal, even where the standard of proof in the trial court is clear and convincing evidence, the reviewing court must determine if there is any substantial evidence—that is, evidence which is reasonable, credible and of solid value—to support the conclusion of the trier of fact. (*In re Angelia P.* (1981) 28 Cal.3d 908, 924 [171 Cal.Rptr. 637, 623 P.2d 198]; *In re Jason L.* (1990) 222 Cal.App.3d 1206, 1214 [272 Cal.Rptr. 316].) In making this determination, we recognize that all conflicts are to be resolved in favor of the prevailing party and that issues of fact and credibility are questions for the trier of fact. (*Ibid.; In re Steve W.* (1990) 217 Cal.App.3d 10, 16 [265 Cal.Rptr. 650].) The reviewing court may not reweigh the evidence when assessing the sufficiency of the evidence. (*In re Stephanie M.* (1994) 7 Cal.4th 295, 318-319 [27 Cal.Rptr.2d 595, 867 P.2d 706].)

Effective January 1, 1997, the Legislature enacted various changes in dependency proceedings. The purpose of the revised statutory scheme governing dependency proceedings is to ensure the safety and protection of children. (§ 300.2.) Section 361.5 was amended in various respects, with the Legislature adding new provisions regarding reunification services. For example, section 361.5, subdivision (b)(10), provides as follows: "Reunification services need not be provided to a parent or guardian described in this subdivision when the court finds, by clear and convincing evidence, . . . [¶] . . . [¶] . . . [t]hat (A) the court ordered a permanent plan of adoption, guardianship, or long-term foster care for any siblings or half-siblings of the child because the parent or guardian failed to reunify with the sibling or half-sibling after the sibling or half-sibling had been removed from that parent or guardian pursuant to Section 361 and that parent or guardian is the same parent or guardian described in subdivision (a), or (B) the parental rights of a parent or guardian over any sibling or half-sibling of the child had been permanently severed, and that, according to the findings of the court, this parent or guardian has not subsequently made a reasonable effort to treat the problems that led to removal of the sibling or half-sibling of that child from that parent or guardian."

Under subdivision (b)(10) of section 361.5, the juvenile court may deny reunification services in either of two different situations: where a sibling in another case was in a permanent plan as a result of the parents' failure to reunify, or where the record contained a permanent severance of parental rights as to a sibling and the parents had failed to make reasonable efforts to address their problems.

Section 361.5, subdivision (b)(12) permits the juvenile court to deny services if the court finds evidence "[t]hat the parent or guardian of the child has a history of extensive, abusive, and chronic use of drugs or alcohol and has resisted prior treatment for this problem during a three-year period immediately prior to the filing of the petition that brought that child to the court's attention, or has failed or refused to comply with a program of drug or alcohol treatment described in the case plan required by Section 358.1 on at least two prior occasions, even though the programs identified were available and accessible."

In this case, the record reflects that Jessica, one of appellant's children, was adopted following previous dependency proceedings.[2] Moreover, by the evidence of her reoffending, the record establishes that appellant failed to make a reasonable effort to treat the problems that led to the removal of Jessica from her custody. Accordingly, the facts of this case fall within the ambit of section 361.5, subdivision (b)(10).

Based on the record before it, the juvenile court properly denied appellant reunification services, pursuant to subdivision (b)(10) of section 361.5. (Cf. *In re Angelia P., supra,* 28 Cal.3d at p. 924; *Randi R. v. Superior Court* (1998) 64 Cal.App.4th 67, 74 [74 Cal.Rptr.2d 770].) Accordingly, it is unnecessary to consider whether the court's order denying services pursuant to subdivision (b)(12) of section 361.5 was proper. (*Randi R. v. Superior Court, supra,* 64 Cal.App.4th at p. 72.) For the court to have provided appellant with yet another set of services would have been an exercise in futility. There was no abuse of discretion. (Cf. *In re Jessica F.* (1991) 229 Cal.App.3d 769, 779-783 [282 Cal.Rptr. 303].)

II

Section 361.5, subdivision (e)(1), provides that the juvenile court shall order reasonable reunification services for incarcerated parents unless the court determines, by clear and convincing evidence, those services would

---

[2]There is no *evidence* that appellant's parental rights to *Madeline* were terminated. Instead, the record contains only an assertion to that effect by counsel for appellant. Accordingly, we do not consider it.

be detrimental to the minor. In this case, the juvenile court made no such finding. Claiming the record contains no evidence of detriment, appellant asserts she was entitled to services, pursuant to subdivision (e), as an incarcerated parent.

Appellant's claim lacks merit. Subdivision (b) of section 361.5 contains numerous grounds on which the juvenile court may deny reunification services to any parent, incarcerated or not. Subdivision (e) of that same section, which applies only to an incarcerated or institutionalized parent, contemplates services absent any of the possible disqualifying grounds listed in the earlier subdivision (b). The court properly concluded appellant was not entitled to services under subdivision (b) of section 361.5; it was required to do no more.

Our conclusion is based on fundamental rules of statutory construction. First, statutes relating to the same subject matter should be construed together and harmonized if possible. (*Mannheim* v. *Superior Court* (1970) 3 Cal.3d 678, 687 [91 Cal.Rptr. 585, 478 P.2d 17].) "Moreover, the various parts of a statutory enactment must be harmonized by considering the particular . . . section in the context of the statutory framework as a whole." (*Moyer* v. *Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 230 [110 Cal.Rptr. 144, 514 P.2d 1224].)

Here, the juvenile court concluded appellant's circumstances fell within subdivision (b)(10) of section 361.5. We have determined substantial evidence supports that conclusion. The consequence of the court's decision was to disqualify appellant from entitlement to reunification services. Having done so, the court was not required then to consider appellant's request for services under another statutory provision. There was no error.

III

Appellant attacks the constitutionality of subdivisions (b)(10) and (b)(12) of section 361.5. According to appellant, that statute as applied in this case violated her right to due process of law insofar as it shifted the burden of proof from DHHS to her. Appellant asserts that, as interpreted by the juvenile court in this case, "anytime a parent comes within the meaning of [subdivisions (b)(10) and (b)(12)], he or she is automatically an unfit parent and the [minor] may be removed without further ado." The result,

appellant argues, is the creation of a constitutionally impermissible "conclusive presumption."[3]

In *In re Baby Boy H.* (1998) 63 Cal.App.4th 470, 477-478 [73 Cal.Rptr.2d 793], the court rejected the mother's argument that subdivision (b)(10) of section 361.5 created "an irrebuttable presumption of inability to parent based on prior court orders . . . ." The court observed that, in enacting that statute, the Legislature recognized under certain circumstances it may be "fruitless" to provide reunification services to parents with a history of recidivism regarding failed reunification. (63 Cal.App.4th at p. 478; *Deborah S.* v. *Superior Court* (1996) 43 Cal.App.4th 741, 750 [50 Cal.Rptr.2d 858].)

It is true that, as to certain circumstances, including those found in section 361.5, subdivision (b)(10), subdivision (c) of that section directs the juvenile court not to "order reunification . . . ." However, as the court in *In re Baby Boy H., supra,* 63 Cal.App.4th at page 478, noted, under the terms of the statute the court retains discretion to order services, if it "finds, by clear and convincing evidence, that reunification is in the best interest of the child." (§ 361.5, subd. (c).)

Here, the court found explicitly that reunification would *not* be in the best interests of the minors. Thus, contrary to appellant's claim, the statute contains no "conclusive presumption." We agree with *In re Baby Boy H., supra,* 63 Cal.App.4th 470 and reject appellant's claims.

### DISPOSITION

The orders are affirmed.

Scotland, P. J., and Morrison, J., concurred.

---

[3]Appellant did not make a constitutional claim at the disposition hearing. Treating the issue as one of law, we consider it on the merits. (*Hale* v. *Morgan* (1978) 22 Cal.3d 388, 394 [149 Cal.Rptr. 375, 584 P.2d 512].)