Filed 10/28/13  In re C.S. CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

In re C.S., A Person Coming Under the Juvenile Court Law.

| | |
|---|---|
| ROSE W.,<br><br>    Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF CONTRA COSTA COUNTY,<br><br>    Petitioner;<br><br>CONTRA COSTA COUNTY CHILDREN AND FAMILY SERVICE BUREAU,<br><br>    Real Party in Interest. | A139384<br><br>(Contra Costa County<br>Super. Ct. No. J13-00509) |

By this petition for an extraordinary writ (Cal. Rules of Court, rule 8.452) petitioner Rose W., the mother of C.S., seeks to vacate the order of respondent Superior Court of Contra Costa County setting a hearing to terminate her parental rights in accordance with Welfare and Institutions code section 366.26.  Petitioner's sole contention is that the court's determination that reunification services would not be provided to her is not supported by substantial evidence.  We conclude this contention is without merit, and deny the petition on its merits.

**BACKGROUND**

The record, viewed in conformity with *In re Zeth S*. (2003) 31 Cal.4th 396, shows the following:

1

C.S. was the subject of a petition filed by Real Party in Interest Contra Costa County Children and Family Services Bureau (Bureau) in which petitioner was alleged to have "a serious and chronic substance abuse problem that impairs her ability to adequately care for and supervise the child," which problem had already led to the dependency of another child. (The same allegations were made against the presumed father, who is not a party to this proceeding.) C.S. was less than a year old when she was removed from petitioner's custody and detained. She was placed in foster care with her siblings, who had already been adjudged dependent children.

Two weeks later, at the jurisdictional hearing conducted on May 13, 2013, petitioner submitted on the petition. After taking judicial notice of the files of C.S.'s siblings, the court sustained all allegations of the petition.

The dispositional hearing was held on July 18 and 23, 2013, simultaneously with the 18-month review of the siblings' dependencies. The court received in evidence the disposition report prepared by the Bureau's caseworker. In that report, the caseworker advised the court that C.S.'s parents "began using substances at an early age so consequently they have a long history of methamphetamine and other substance abuse, both individually and together and have engaged in domestic violence . . . when they were using." In April (when C.S. was detained), the parents "relapsed after eighteen months of [reunification] services" and tested positive for methamphetamine use.

The caseworker described petitioner as "a loving mother" who has "insight" into her substance abuse problem However, petitioner had already completed three residential treatment programs, was "unable to maintain sobriety," and had "not sufficiently addressed [her] serious and chronic substance abuse that places [her] children at risk." Although the parents "have been provided services for this problem since December 29, 2011, they have failed to reunify with [C.S.'s] siblings and continue to use illicit drugs." For this reason, the caseworker recommended that "Family Reunification Services be denied to the parents . . . pursuant to Welfare and Institutions Code 361.5(b)(10) so that a permanent plan can be made for the child[ren]."

2

The court heard testimony from the parents and the caseworker. Much of that testimony is not germane to the sole issue here, and thus need not be summarized. What is relevant to that issue is that petitioner testified that a week earlier she began another residential treatment program. Petitioner admitted that after she sent a letter to the court in June asking for "more time . . . to prove to you that I'm worthy of my beautiful children," she continued using drugs. The caseworker testified that petitioner was "non-compliant" with the case plan to reunify with C.S.'s siblings.

After hearing argument, and setting termination hearings for the siblings, the court stated its decision as follows: "With respect to [C.S], I am also going to follow the recommendation in this case, given what the siblings have been through and how long they have waited and the fact that the parents, quite frankly in the Court's mind, are right back to where they began, they've made absolutely no progress along the way here . . . absolutely no progress whatsoever. I find that it would be clearly detrimental to make [C.S.] wait as her siblings waited. [¶] Rather, I think it most appropriate to set her matter for a .26 hearing, to bypass services so that she too may find permanence in her life."

**REVIEW**

"Typically, when a dependent child is removed from his or her parent's custody, the juvenile court orders that services be provided to the family in order to facilitate its reunification. (Welf. & Inst. Code, § 361.5, subd. (a); *In re Baby Boy H.* (1998) 63 Cal.App.4th 470, 478.) However, reunification services need not be offered under certain circumstances specified by statute. (*Renee J. v. Superior Court* (2001) 26 Cal.4th 735, 739.) Reunification services need not be provided to a parent if the juvenile court finds by clear and convincing evidence that (1) a juvenile court ordered termination of reunification services for a sibling; (2) termination was ordered because that parent failed to reunify with the sibling; (3) the sibling had been removed from that parent's custody pursuant to section 361; and (4) that parent has not subsequently made a reasonable effort to treat the problems that led to sibling's removal from that parent. (Welf. & Inst. Code, § 361.5, subd. (b)(10).)" (*In re Gabriel K.* (2012) 203 Cal.App.4th 188, 194.)

3

" 'The exception at issue here, section 361.5, subdivision (b)(10), recognizes the problem of recidivism by the parent despite reunification efforts.  Before this subdivision applies, the parent must have had at least one chance to reunify with a different child through the aid of governmental resources and fail to do so.  Experience has shown that with certain parents, as is the case here, the risk of recidivism is a very real concern.  Therefore, when another child of that same parent is adjudged a dependent child, it is not unreasonable to assume reunification efforts will be unsuccessful.  Further, the court may still order reunification services be provided if the court finds, by clear and convincing evidence, that reunification is in the best interests of the child.  (§ 361.5, subd. (c).)' " (*Renee J. v. Superior Court*, *supra*, 26 Cal.4th 735, 744-745, quoting *In re Baby Boy H., supra,* 63 Cal.App.4th 470, 478.)

The trial court's determination can be overturned only if it is not supported by substantial evidence.  (*In re Harmony B*. (2005) 125 Cal.App.4th 831, 839.)  "The issue of the sufficiency of the evidence in dependency cases is governed by the same rules that apply to all appeals.  If, on the entire record, there is substantial evidence to support the findings of the juvenile court, we uphold those findings.  [Citation.]  We do not pass on the credibility of witnesses, attempt to resolve conflicts in the evidence or evaluate the weight of the evidence.  Rather, we draw all reasonable inferences in support of the findings, view the record most favorably to the juvenile court's order, and affirm the order even if other evidence supports a contrary conclusion.  [Citation.]  The appellant has the burden of showing the finding or order is not supported by substantial evidence.  [Citation.]"  (*In re Megan S*. (2002) 104 Cal.App.4th 247, 251.)

Petitioner's argument is based on her testimony at the hearing, and an earlier report by the caseworker.  Petitioner asserts:  "In the instant case, it is uncontroverted that the mother made significant efforts to address the problem that led to removal of the two older siblings . . . .  Specifically, in a report signed by the caseworker, Simone Brooks, on February 22, 2013, and entered into evidence, Ms. Brooks states that the mother has successfully completed her ninety-day program, and is attending the Ujima Central Mother's Outpatient Program five (5) days a week, as well as attending twelve-step

4

meetings. Ms. Brooks states that the mother has been testing clean/negative on a random basis, is compliant with her case plan, and demonstrates a commitment to leading a sober life."

This reasoning is misplaced because Ms. Brooks had clearly changed her mind by the time of the hearing five months after she wrote the cited report, when she testified that petitioner was *not* in compliance with her case plan. Her recommendation to bypass services and proceed to the termination hearing is entirely incompatible with a belief that petitioner was making progress in conquering her substance abuse problem. That recommendation was in the disposition report, which was admitted in evidence and thus by itself constitutes substantial evidence. (Welf. & Inst. Code, §§ 358, subd. (b), 706; *In re T. C.* (2009) 173 Cal.App.4th 837, 848.) What occurred in the five months after February, most obviously the initiation of C.S.'s dependency, furnished the court a completely different opinion of petitioner's efforts, or lack thereof. Just one instance was petitioner admitting that she was still using drugs in June. A parent's drug consumption "cannot be considered a simple relapse; rather, it was a resumption of drug use demonstrating resistance to treatment." (*In re William B*. (2008) 163 Cal.App.4th 1220, 1230.) As for petitioner's credibility, the court clearly did not rate it highly, and that estimation cannot be challenged here. (*In re Megan S*., *supra*, 104 Cal.App.4th 247, 251.)

After reviewing the record, we conclude there is more than ample substantial evidence to support the court's determinations that petitioner had not made reasonable efforts to treat the problems that led to her children's removal (Welf. & Inst. Code, § 361.5, subd. (b)(10)), that further reunification services would be just as unsuccessful as the 18 months of services already provided, and that reunification was no longer in C.S.'s best interest. (*Renee J. v. Superior Court*, *supra*, 26 Cal.4th 735, 744-745.)

## DISPOSITION

The petition is denied on the merits. (Cal. Rules of Court, rule 8.452(h)(1).) This decision is final as to this court forthwith. (*Id*., rule 8.490(b)(1).)

5

_____
Richman, J.

We concur:


_____
Kline, P.J.


_____
Brick, J.*

---

* Judge of the Alameda County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

6