Filed 10/13/15  In re Armando M. CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re ARMANDO M., a Person Coming Under the Juvenile Court Law. | B262133 (Los Angeles County Super. Ct. No. DK08069) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Plaintiff and Respondent, v. ANNA C., Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County. Marguerite D. Downing, Judge.  Affirmed.

Maureen L. Keaney, under appointment by the Court of Appeal, for Defendant and Appellant Anna C.

Mary C. Wickham, Interim County Counsel, Dawyn R. Harrison, Assistant County Counsel, and Jessica S. Mitchell, Deputy County Counsel for Plaintiff and Respondent.

_____

Anna C. (mother) appeals from a juvenile court decision not to place her son, Armando M. (Armando, born Mar. 2011), in her custody at disposition. She also argues that the trial court erred in ordering her to participate in individual counseling to address case issues and comply with her probation terms.

In her reply brief, mother agrees with the Department of Children and Family Services (DCFS) that the placement portion of her appeal is moot in light of a subsequent order placing Armando in mother's home and a Court of Appeal order dismissing this portion of mother's appeal. Thus, we only address that portion of the juvenile court's dispositional order requiring mother to participate in individual counseling and comply with the terms of her probation. (Welf. & Inst. Code, § 358.)[1]

We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

*The Family*

This family consists of mother, Armando M., Sr. (father), and Armando. Mother also has two other children, Anthony M. (Anthony, born June 1998) and M.C. (M., born May 2013).[2] At the time DCFS initiated this matter, father and Armando resided separately from mother.

*Child Welfare History*

On January 7, 2013, DCFS received a referral alleging mother and father engaged in domestic violence. Reportedly, mother and father shared custody of Armando, they had ongoing domestic violence issues, and mother hit father several times on his face while he was holding the child on October 7, 2012. DCFS's investigation revealed that mother had a history of violent behavior, was arrested and convicted in December 2012 for perpetrating domestic violence on father, and was incarcerated as a result. Father was

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

[2] Anthony and M. are not subjects of this appeal.

2

granted a restraining order against mother. The allegation of neglect was substantiated against mother.

On August 23, 2013, DCFS received another referral after mother was released from jail. Reportedly, she was on probation for child endangerment as to Armando because she purposely "crashed" her car into father's car in December 2012 while father was inside the vehicle. The reporting party stated that mother had a history of violence, was erratic, and was impulsive. At a team decisionmaking meeting that was held to address child safety concerns, DCFS opened a voluntary family maintenance (VFM) case as to M. to assist mother with addressing her mental health issues, parenting skills, providing care for M., and obtaining housing. Mother was participating in VFM services at the time the current dependency matter was initiated.

*These Proceedings*

On October 26, 2014, DCFS received a referral from the San Fernando Police Department regarding father's arrest for possessing a controlled substance (methamphetamine) and driving a vehicle without a driver's license with Armando in the vehicle. Father told the arresting police officers that he was on probation; that he was the sole caretaker of Armando; that mother did not have custody rights to the child; and that mother was possibly incarcerated.

Armando was detained with his maternal aunt and uncle (where Anthony also resided).

That day, the social worker interviewed father in jail. Father admitted to using marijuana, but denied that the methamphetamine found in his vehicle belonged to him. He had sole custody of Armando. According to father, mother was arrested in 2012 and incarcerated because she "rammed" her car into father's car while Armando was in the passenger seat of her car. After mother was arrested and incarcerated for domestic violence, father obtained custody of Armando.

The social worker interviewed mother the following day. She reported that she had been incarcerated for engaging in domestic violence with father in December 2012; she served eight months in jail and was released in August 2013. She was serving a five-

3

year probation sentence for that crime. She had not seen Armando since the time of her arrest. Mother claimed that father had lied to law enforcement about their domestic violence; she was fearful that father had obtained a restraining order against her. Because she did not want to violate her parole, she did not attempt to look for Armando upon her release from jail.

*Section 300 Petition; Detention Hearing*

On October 29, 2014, DCFS filed a section 300 petition on behalf of Armando and M. The petition alleged that father had a history of illicit drug use; was arrested for possession of a controlled substance and driving without a license; and was under the influence of illicit drugs while Armando was in his care and supervision. Mother was not named in the petition.

At the detention hearing, Armando was detained and M. was released to mother.

*Jurisdiction/Disposition Report*

DCFS reported that Armando had behavioral issues. According to his caregivers, he was having difficulty in preschool, was unable to follow directions properly, and was biting other children. He was expelled from his preschool for urinating outside.

Mother again told the dependency investigator that father tried to run her over with his car on the freeway, which is why she was arrested and incarcerated for eight months. According to mother, father told law enforcement that she tried to "crash" into him with her car. She agreed to a VFM once she was released from jail so she could get the help she needed to take care of M.

Mother wanted to visit with Armando and eventually seek custody over him. She recently obtained housing and continued to participate in anger management classes and family preservation services. She completed a parenting program and individual therapy for her VFM regarding M. She was on a wait list for individual therapy to address case issues regarding Armando. Additionally, her probation terms required her to complete community labor, domestic violence classes, a parenting program, and anger management.

4

In its report, DCFS recommended that mother receive family reunification services. DCFS further recommended that mother receive individual counseling to address case issues and that she comply with the terms of her probation.

*Contested Jurisdiction Hearing*

At the February 10, 2015, hearing, the juvenile court sustained the section 300 petition under subdivisions (b) and (j). It then proceeded immediately to disposition as to Armando. Mother requested a home-of-parent order, arguing that she was nonoffending under the section 300 petition; that she had obtained housing; that there were no identified safety risks for Armando in her home; and that she already had custody of M.. The juvenile court denied her request and placed Armando under DCFS supervision for suitable placement.

The juvenile court then ordered family reunification services for the parents. Mother was ordered to participate in individual counseling and to comply with the terms of her probation.

*Appeal*

Mother's timely appeal ensued.

*Home-of-Parent Order; Partial Dismissal of Appeal*

On June 1, 2015, the juvenile court issued a home-of-parent order, placing Armando in mother's custody. DCFS then filed a motion for partial dismissal of mother's appeal, seeking dismissal of that portion of mother's appeal relating to the juvenile court's earlier denial of mother's request to place Armando in her home. On or about June 25, 2015, the Court of Appeal granted DCFS's motion.

5

**DISCUSSION**

I. *Standard of review*

Once jurisdiction is established, section 358 requires the juvenile court to determine the appropriate disposition for the child. "The juvenile court has broad discretion to determine what would best serve and protect the child's interest and to fashion a dispositional order accordingly. On appeal, this determination cannot be reversed absent a clear abuse of discretion." (*In re Baby Boy H.* (1998) 63 Cal.App.4th 470, 474.)

II. *Analysis*

Mother argues that the juvenile court erred in ordering her to participate in individual counseling to address case issues and comply with probation terms. She claims that these orders are unrelated to the events that led to the juvenile court's assumption of jurisdiction over Armando. As support, mother directs us to the fact that she was a noncustodial and nonoffending parent and that the case issues rested solely on father's history of illicit drug use and his arrest for possession of a controlled substance

Mother's argument fails. The juvenile court is not limited to the contents of the sustained petition in fashioning a disposition and it has broad discretion to address known issues that are harmful to the well-being of the child, even when such issues are not the direct cause of the child's detention. (*In re Christopher H.* (1996) 50 Cal.App.4th 1001, 1008.) Here, it is true that DCFS and the juvenile court initially intervened on Armando's behalf as a result of father's drug abuse issues. But, the appellate record also shows that mother has serious anger management issues; lacked the ability to take responsibility for the chaos that Armando has had to endure; was still on probation for the domestic violence that she perpetrated on father in Armando's presence in December 2012; and had made poor parenting decisions that placed Armando at risk of harm.

Moreover, mother has a child welfare history, including a VFM as to M.. Given mother's inability to take responsibility for her violent tendencies, her desire to reunify with Armando, her five-year probation, and Armando's behavioral issues, the juvenile

6

court did not abuse its discretion in ordering mother to participate in individual counseling and to comply with the terms of her probation.

## DISPOSITION

The juvenile court's order is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
           ASHMANN-GERST


We concur:


_____, P. J.
      BOREN


_____, J.
      CHAVEZ