[No. B206270. Second Dist., Div. Eight. Nov. 5, 2008.]

In re A.E. et al., Persons Coming Under the Juvenile Court Law.
LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY
SERVICES, Plaintiff and Respondent, v.
D.E., Defendant and Appellant.

**2**

[redacted]

COUNSEL

Daniel G. Rooney, under appointment by the Court of Appeal, for Defendant and Appellant.

Raymond G. Fortner, Jr., County Counsel, James M. Owens, Assistant County Counsel, and Kim Nemoy, Deputy County Counsel, for Plaintiff and Respondent.

## OPINION

**FLIER, J.**—In October 2007, the Los Angeles County Department of Children and Family Services (DCFS) filed a Welfare and Institutions Code section 300 petition on behalf of then six-year-old A.E. and three-year-old H.E. The father, D.E., and the mother, who is not a party to this appeal, were in the process of divorcing after an eight-year marriage. The parents shared legal custody of the children; mother had primary physical custody and father had visitation rights. DCFS's petition was sparked by A.E.'s complaint to father that mother struck H.E. with a spatula hard enough to leave a black bruise, a matter that mother admitted. Father, in turn, reported this to the police in a 911 call.

On February 20, 2008, the court entered several orders, only one of which is the subject of this appeal. That is an order directing *both* parents to participate in DCFS-approved "programs of parent education [and] individual counseling addressing all issues including anger management." Father appeals from the order directing him to participate in parent education classes and counseling, claiming that this order violates his right to due process. We reject father's contention and affirm the order.

## FACTS

At least five concrete areas of concern emerge from the tangled relationships of the parents, the two children and mother's boyfriend with whom mother resided together with her children.

First, mother on several occasions struck both children with hard objects, violently enough to leave black and blue bruises. This was so even though mother had participated in counseling and anger management classes. Second, in the hearing held on February 20, 2008, father attributed the corporal punishment of the children to mother's Korean culture. Father testified on February 20, 2008, that the girl's mother was not an angry or "explosive" person. Third, father unaccountably went from alarm about the beatings to having no real issues about mother and her parenting at the hearing held on February 20, 2008. During that hearing, he stated that he made the original complaint that brought DCFS into the picture because "more of my anger with the divorce and other issues." In that hearing, he also admitted that on occasion he hit his daughter with a spatula. Fourth, while at the inception of the proceedings in the fall of 2007 father had voiced understandable concerns about mother's boyfriend who had a prior conviction for having sex with a minor and who also spoke disparagingly about father to the children, by February 20, 2008, father had no problems with the boyfriend.

The fifth incident is perhaps the one to cause the most concern. At the close of the hearing on February 20, 2008, father volunteered the observation that there really was "no abuse of the children" and that "[i]t's a nonissue." When the trial court stated that abuse is "not a nonissue," father stated, "It's disgusting what this court is doing with the children. [¶] THE COURT: Sir, you filed a police report that the children were being abused by objects. [¶] THE FATHER: I regret it to the day I die. I regret calling 911. I will never do it again."

On February 20, 2008, the court found that mother had on several occasions physically disciplined the children with a hard object, that this was excessive and that it endangered the physical and emotional well-being of the children. The court dismissed more serious allegations of child abuse. The children were found to be dependents of the court and were placed under DCFS's care and control. The children were returned to the physical custody of the mother, with father to have reasonable visitation. As we have already noted, the trial court also ordered both parents to participate in counseling sessions. There was no objection to this order.

In light of the sole issue raised on appeal, we find it unnecessary to discuss any facts other than those we have summarized above.

## DISCUSSION

■ While the lack of an objection is a sufficient reason to affirm the order from which the appeal is taken, we find it worthwhile to note at the outset that substantively the order is well within the discretion of the trial court. "The juvenile court has broad discretion to determine what would best serve and protect the child's interests and to fashion a dispositional order accordingly. On appeal, this determination cannot be reversed absent a clear abuse of discretion." (*In re Baby Boy H.* (1998) 63 Cal.App.4th 470, 474 [73 Cal.Rptr.2d 793].)

As far as father was concerned, the trial court was faced with a parent who, at a minimum, displayed a worrisome attitude about the corporal punishment of small children. Small children are not to be hit with hard objects, especially to the point of leaving black and blue bruises. Yet, father vacillated between reporting such misconduct to the police, on the one hand, and finding nothing wrong with it or denying it, on the other. It is also true that the physical safety and well-being of small children is not a football to be tossed about in the sad game of an angry divorce. Father's outburst at the end of the hearing on February 20, 2008, only confirmed that he has an inadequate grasp of the fact that children cannot be assaulted physically in the name of discipline and that if he, as a parent, does not ensure that this

does not happen, the juvenile court will. It is to be hoped that counseling will succeed in instilling in father an understanding of these truths.

Thus, in the first place, the appeal lacks merit because the order which it challenges is a correct approach to correcting father's inadequate grasp of his responsibilities.

■ We disagree with father's claim that there is no evidence that supports the counseling order because "[father] was non-offending; the issues in the case involved the mother's inappropriate physical discipline of the girls." The point is that D.E., as the father, is responsible for the children's safety and well-being and must therefore unequivocally oppose harsh and unsuitable corporal punishment. But, rather than stating unequivocally that he was opposed to beating the children with hard objects, on February 20, 2008, father *denied* that there had been any abuse and stated that he would *never again* report such beatings to the authorities. This is such a worrisome and untutored attitude that the trial court had no alternative but to direct that father participate in counseling sessions. The reason for the order requiring counseling is not, as father claims, because the trial court was "displeased" with father's "lack of enthusiasm for intrusive judicial intervention and DCFS supervision." The reason for the order was that father displayed an attitude and approach to corporal punishment of small children that justifiably concerned the trial court.

We also disagree that the trial court's order was vague. On the contrary, it was quite clear: Father is to participate in counseling sessions.

■ The merits of the order aside, the fact is that father did not object to the order directing him to participate in counseling sessions. "It is true that, as the Department contends, a reviewing court ordinarily will not consider a challenge to a ruling if an objection could have been but was not made in the trial court. [Citation.] The purpose of this rule is to encourage parties to bring errors to the attention of the trial court, so that they may be corrected. [Citation.] [¶] Dependency matters are not exempt from this rule." (*In re S.B.* (2004) 32 Cal.4th 1287, 1293 [13 Cal.Rptr.3d 786, 90 P.3d 746], fn. omitted.) In this case, an objection would have not only preserved the point for the appeal, it would have served the very real purpose of putting on record the precise reasons for the order directing father to participate in counseling.

The lack of an objection forfeited the point that father is raising on appeal. Our decision affirming the order rests, in the first place, on the fact that father did not object to the order. In light of the somewhat unusual circumstances that led to the trial court's order directing father to participate in counseling, we found it advisable to explain why that order was correct and well within the discretion of the trial court.

## DISPOSITION

The order is affirmed.

Cooper, P. J., and Rubin, J., concurred.