Filed 10/4/16  In re E.T. CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re E.T. et al., Persons Coming Under the Juvenile Court Law. | B269842 (Los Angeles County Super. Ct. No. DK13848) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>PEDRO T.,<br><br>Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County. Marguerite Downing, Judge.  Reversed in part and remanded; affirmed in part.

Robert McLaughlin, under appointment by the Court of Appeal, for Defendant and Appellant.

Mary C. Wickham, County Counsel, R. Keith Davis, Acting Assistant County Counsel, Jessica S. Mitchell, Deputy County Counsel, for Plaintiff and Respondent.

_____

Pedro T. (Father) contends that the dependency court erred by ordering removal of his children even though the children did not reside with him when dependency proceedings were initiated. We agree that the removal order was error, and further find that the dependency court must consider on remand, under the proper legal standard, whether placement of the children with Father is appropriate. We reject Father's additional argument that the dependency court erred by requiring him to submit to random drug tests.

## BACKGROUND

On October 15, 2015, the Department of Children and Family Services (DCFS) filed a Welfare and Institutions Code section 300 petition[1] alleging that Claudia C. (Mother) and her boyfriend Felipe A. had a history of substance abuse and were current users of marijuana and methamphetamine. The petition alleged that their drug use endangered E.T., age seven, Eli T., age five, and Cesar A., age four months. E.T. and Eli were sons of Mother and Father, while Cesar was the son of Mother and Felipe. The petition did not set forth any allegations against Father.

DCFS had received a referral in September 2015 reporting that Mother and Felipe were using methamphetamine and other drugs and were unable to care for the children. According to the referral, Mother and Felipe were often "locked up in their room all drugged up." They were also reported to be very aggressive, often arguing and fighting in the presence of the children. When interviewed, Mother admitted that she had been using methamphetamine for at least the prior six months and that she and Felipe used the drug at home while the children were there.

DCFS interviewed Father on September 14, 2015. He stated that he no longer had a relationship with Mother and did not provide financial support for his children. However, he visited them two to three days every other week, sometimes with overnight stays. When the children were with him, they would all stay at Father's parents' house.

---

[1]     Unless otherwise noted, all further statutory references are to the Welfare and Institutions Code.

When Father was on his own, he would stay with friends and had no permanent address. The DCFS social worker informed Father that an allegation was made that Father used marijuana. Father denied being a current user, stating that he had only experimented about five years prior. When asked if he would be open to drug testing, Father at first said yes, but then said he was sometimes in the company of people who did drugs, and was worried that would result in a positive test for him. Father continued to show reluctance to drug testing, even when it was explained that his friends' use would not affect his individual drug test.

E.T. was interviewed in September 2015 and said he enjoyed his occasional visits with Father.

Mother submitted positive drug tests in September and October 2015 and refused to complete a drug treatment program. The three children were removed from Mother's custody and placed with Felipe's sister, Blanca.

Father was interviewed again on November 5, 2015. He stated that, when he was with Mother, she did not use drugs, and he had no knowledge that she had begun using them. Father had no criminal history. He said he had tried marijuana "years ago, a couple of times," but had not used any other drugs. Father had been employed full time at a pressure washing company for over a month. He did not want his children, E.T. and Eli, placed with him, though, because he did not have a stable residence. He requested that his children be placed with his sister. Father was scheduled to drug test once in October 2015 and once in November, but he did not appear for either test. When speaking with the social worker, Father appeared to make illegitimate excuses for his failure to drug test.

On December 8, 2015, Mother submitted on an amended dependency petition. The children were declared dependents of the court and ordered removed from Mother. At the hearing, Father's counsel requested that E.T. and Eli be placed with Father's brother, who had been assessed by DCFS for placement. The dependency court denied the request, finding that the siblings were better placed together, and that Father's brother

3

only agreed to placement of Father's sons, not Mother's youngest son. The court ordered that the three children remain placed in the home of Felipe's sister, Blanca.

The DCFS social worker interviewed Father later in December 2015. He was living in his sister Susana's home, a two-bedroom, two-bathroom apartment. Susana had told Father that E.T. and Eli could live with him there. The social worker observed the home as being neat and safe. Susana had no criminal record. Father stated that he continued to be employed as a water pressure washer and made between $2,000 to $3,000 a month. Susana said she was willing to help take care of the children. She did not believe that Father had any type of drug history and said, "I wouldn't allow for him to live in my home if I thought he was using drugs." When asked to drug test, Father said he could not because he was working late. He claimed to have trouble urinating and said that sometimes he could not do so for a week straight. In light of Father's failure to test, DCFS recommended that his children not be released to him.

The disposition hearing regarding Father was held on December 30, 2015. Father's counsel requested that E.T. and Eli be placed in Father's home, and counsel for the children and Mother both joined in the request. Noting that DCFS requested Father to drug test on three separate occasions and that Father did not do so, the dependency court ordered the children removed from Father. The court ordered DCFS to provide reunification services and ordered Father to provide six random drug tests.

## DISCUSSION

On appeal, Father contends the dependency court erred by ordering his children removed from his custody, by denying his request that the children be placed with him, and by ordering him to drug test.

Concurrent with the filing of its respondent's brief, DCFS filed a "no position" letter, stating that it took no position on the appeal of the dispositional order removing the children from Father's custody. In its respondent's brief, DCFS only argues that the order requiring drug testing was properly within the dependency court's discretion.

4

## I. The removal order was improper

At the disposition hearing, the dependency court ordered the children "removed" from Father. The corresponding minute order likewise stated that, pursuant to section 361, subdivision (c), there were "no reasonable means to protect" the children without "removal" from Father's custody.

The issue of removal from Father's custody was not properly before the dependency court, however. Pursuant to section 361, subdivision (c)(1), if the dependency court finds clear and convincing evidence of substantial danger to a child if the child is returned home, he or she may be taken from the physical custody of the parent "with whom the child resides at the time the petition was initiated." Father's children did not reside with him at the time the dependency petition was initiated, or at any time shortly before or thereafter. As explained in *In re Dakota J.* (2015) 242 Cal.App.4th 619, 629, "given the plain meaning of the statute and a commonsense interpretation of the phrase 'parent[] . . . with whom the child resides,' . . . the statute does not authorize an order of removal from *every* parent having legal custody rights, even those who do not currently reside with their children. Rather, . . . the Legislature chose to authorize removal only from a parent who is residing with his or her child." The *In re Dakota J.* court accordingly reversed a dispositional order removing children from the custody of the mother, because they did not live with her at the time the petition was initiated. (*Id.* at p. 632; see also *In re Abram L.* (2013) 219 Cal.App.4th 452, 460 [children who did not reside with the father when petition was initiated could not be removed from his custody].)

Because E.T. and Eli did not reside with Father at the time the dependency proceedings were initiated, the dependency court's order removing E.T. and Eli from Father's custody pursuant to section 361, subdivision (c) must be reversed.

## II. The dependency court failed to apply section 361.2

Since the children had already been ordered removed from Mother, who had physical custody when the dependency petition was filed, Father's request for placement was properly governed by section 361.2. Subdivision (a) of section 361.2 provides, in

5

pertinent part: "When a court orders removal of a child pursuant to Section 361, the court shall first determine whether there is a parent of the child, with whom the child was not residing at the time that the events or conditions arose that brought the child within the provisions of Section 300, who desires to assume custody of the child. If that parent requests custody, the court shall place the child with the parent unless it finds that placement with that parent would be detrimental to the safety, protection, or physical or emotional well-being of the child." When the dependency court places a child with a parent pursuant to section 361.2, the court may ensure continued court involvement with the child by: ordering the parent assume custody subject to jurisdiction of the court and requiring a home visit be conducted within three months, or ordering the parent assume custody subject to the supervision of the court and with implementation of reunification services. (§ 361.2, subds. (b)(2), (3).)

When potential placement with a nonoffending parent is at issue, the party opposing placement "has the burden to show by clear and convincing evidence that the child will be harmed if the nonoffending parent is given custody." (*In re C.M.* (2014) 232 Cal.App.4th 1394, 1402.) Therefore, DCFS has the burden in this case.

"A detriment evaluation" under section 361.2 "requires that the court weigh all relevant factors to determine if the child will suffer net harm." (*In re Luke M.* (2003) 107 Cal.App.4th 1412, 1425.) A finding of detriment pursuant to section 361.2, subdivision (a) must be made by clear and convincing evidence. (*In re Abram L.*, *supra*, 219 Cal.App.4th 452, 461; *In re Marquis D.* (1995) 38 Cal.App.4th 1813, 1829.) Further, section 361.2, subdivision (c) requires the dependency court to "make a finding either in writing or on the record of the basis for its determination under subdivisions (a) and (b)."

The record does not show that the dependency court here complied with these requirements. Neither the hearing transcript nor the corresponding minute order demonstrates that the court determined whether there was clear and convincing evidence that placement of E.T. and Eli with Father would be detrimental to their safety, protection, or well-being. Nor does the record show that the court weighed all relevant factors to determine if the children would suffer net harm.

6

Instead, the dependency court based its decision on section 361, subdivision (c), pertaining to removal. This erroneous order of removal did not equate to a finding under section 361.2. Reversal is appropriate when the dependency court improperly applies section 361 instead of section 361.2. (*In re Abram L.*, *supra*, 219 Cal.App.4th 452, 461 [reversing order of removal because court "did not apply the applicable law to father's request for physical custody"]; *In re Marquis D.*, *supra*, 38 Cal.App.4th 1813, 1827-1830 [accord].)

On appeal, DCFS does not contend that the dependency court complied with section 361.2 or that remand for the court's consideration under the proper standard is unwarranted. Because we conclude that the court must apply section 361.2 in deciding whether placement of E.T. and Eli with Father is appropriate, we remand the matter to the dependency court so that it may properly make this determination.

## III. **The drug testing order was not error**

Father contends that the dependency court erred by ordering him to submit to six on-demand drug tests. Some courts have applied an abuse of discretion standard when reviewing orders requiring participation in services (see *In re A.E.* (2008) 168 Cal.App.4th 1, 4), while others have reviewed such orders for substantial evidence (see *In re Jasmin C.* (2003) 106 Cal.App.4th 177, 180.) Under either standard, we find the order requiring Father to drug test appropriate.

The dependency court is authorized to make "any and all reasonable orders for the care, supervision, custody, conduct, maintenance, and support of the child . . . ." (§ 362, subd. (a).) The court is not limited to the contents of the sustained section 300 petition when making disposition orders. (*In re Rodger H.* (1991) 228 Cal.App.3d 1174, 1183.) Instead, the court considers the social worker's study and "other relevant and material evidence as may be offered." (§ 358, subd. (b).) Accordingly, once dependency jurisdiction is established, the court may make dispositional orders pertaining to a nonoffending parent. (*In re Briana V.* (2015) 236 Cal.App.4th 297, 311; *In re I.A.* (2011) 201 Cal.App.4th 1484, 1492.)

Father argues that the dependency court's order was improper under section 362, subdivision (d), which provides: "The program in which a parent or guardian is required to participate shall be designed to eliminate those conditions that led to the court's finding that the child is a person described by Section 300." The dependency court, however, has "wide latitude in making orders necessary for the well-being of a minor." (*In re Jasmin C.*, *supra*, 106 Cal. App. 4th 177, 180.) Given the evidence before the court, we cannot say it erred by requiring Father to submit to drug tests.

E.T. and Eli, both young children, had been exposed to extensive drug use for a significant portion of their lives. As alleged, this exposure was not due to drug use by Father. Nevertheless, the dependency court had reason to be concerned that, absent testing by Father, the children might continue to experience drug use in his presence. An allegation was made that Father used marijuana, Father admitted to smoking marijuana in the past, and he stated that acquaintances of his used drugs. Furthermore, although Father was requested by DCFS to test on numerous occasions, he missed the scheduled tests and made dubious excuses for his failure to test. In light of these circumstances, the dependency court properly found that requiring Father to drug test was reasonably necessary to ensure the well-being of E.T. and Eli.

## DISPOSITION

The December 30, 2015 disposition order is reversed to the extent it purports to remove E.T. and Eli from Father's custody. The matter is remanded to the dependency court, which is directed to conduct a disposition hearing where it shall consider, under the standards set forth in section 361.2, Father's request for placement of E.T. and Eli in his home. In making its determination, the dependency court may consider the facts existing

8

at the time of these further proceedings.  (See *In re Abram L.*, *supra*, 219 CalApp.4th 452, 464, fn. 6.)  The order requiring Father to submit to drug tests is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


                                        BOREN, P.J.

We concur:


        ASHMANN-GERST, J.


        CHAVEZ, J.