Filed 2/10/26  In re T.F. CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| In re T.F., Jr., et al., Persons Coming Under the Juvenile Court Law. | B343899 |
| ———————————————— | (Los Angeles County Super. Ct. No. 20CCJP01899H-L) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | |
| Plaintiff and Respondent, | |
| v. | |
| T.F., Sr., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Cathy J. Ostiller, Judge.  Reversed in part and affirmed in part.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and Kimberly A. Roura, Principal Deputy County Counsel, for Plaintiff and Respondent.

Lillian F. Hamrick, under appointment by the Court of Appeal, for Defendant and Appellant.

\* \* \* \* \* \*

T.F., Sr. (father) appeals the juvenile court's orders exerting dependency jurisdiction over five of his children, obligating him to comply with a case plan, and failing to include an explicit finding that the Indian Child Welfare Act of 1978 (ICWA) (25 U.S.C. § 1901 et seq.; Welf. & Inst. Code, § 224 et seq.) did not apply.[1]  We conclude that substantial evidence does not support the juvenile court's finding that father's substance abuse places the children at risk of harm, but conclude that the court's imposition of father's case plan was within its discretion and that the absence of an express ICWA finding is harmless. We accordingly affirm in part and reverse in part.

## FACTS AND PROCEDURAL BACKGROUND

### I. Facts

#### A. *The family*

Father has 15 or 16 children with six different women.  Of those, father has five children with A.B. (mother)—namely, twins T.F. and T.F., Jr. (born May 2019); Tr.F. (born September 2020); and twins Di.F. and De.F. (born February 2022).  Two of the children have special needs.

---

[1]     All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

### B.    *Prior dependency case*

In April 2020, the Los Angeles Department of Children and Family Services (the Department) filed a petition asking the juvenile court to exert dependency jurisdiction over father and mother's two oldest children (the older twins) and, after Tr.F. was born, a supplemental petition reaching him, both on the grounds that (1) father and mother had engaged in a violent altercation where father pushed mother and mother pepper-sprayed father, thereby exposing T.F. to the toxic pepper spray, and (2) mother and father had a "history of substance abuse" and were "current abuser[s] of marijuana," which rendered them "incapable of providing care for the children" and placing the children "at risk of serious physical harm."[2]  The juvenile court did not sustain the allegation regarding father's substance abuse, even though father admitted to smoking marijuana three times per week.  In January 2022, the juvenile court terminated dependency jurisdiction with an exit order awarding mother full legal and physical custody of the older twins and Tr.F., but providing that father would have monitored visitation with the children.

### C.    *Father's visitation with the children*

From 2022 through 2024, the children continued to live with mother.  Because mother prevented father from exercising his visitation rights under the exit order, father only visited the children a few times; some of those visits were unmonitored, which violated the exit order.  Except for these visits, father was not involved in the children's lives.

---

[2]    The petition also included mother's older children L.P. and C.H.  Neither of these children nor their respective fathers are parties to this appeal.

**D.** *Facts underlying the current dependency case*

On April 21, 2024, mother left a marijuana-laced brownie in the microwave of her residence while she took a nap. L.P., mother's oldest child (age 12 at the time), ate the brownie and vomited. The fire department responded, and found that the house was filthy.

Mother admitted to regularly smoking marijuana.

In May 2024, father stayed overnight with mother and the children without a monitor. He appeared sober during this visit.

On May 17, 2024, father tested positive for marijuana and cocaine. Father freely admitted that he regularly used marijuana, and had no explanation for the positive test for cocaine. There is evidence that father discussed using a drug called "lean" and also drank alcohol.

**II. Procedural Background**

**A.** *The petition*

On May 29, 2024, the Department filed a petition once again asking the juvenile court to exert dependency jurisdiction over father's and mother's five children due to (1) mother "creat[ing] a detrimental home environment for the children," as evidenced by her leaving the marijuana brownie in reach of L.P., (2) mother's substance abuse, (3) father's substance abuse, (4) mother and father having unmonitored visits in violation of the prior exit order, and (5) father's mental and emotional problems. The Department alleged that all five allegations placed the children at risk of serious physical harm, damage and danger, thereby warranting the exercise of dependency jurisdiction under subdivision (b)(1) and, as to the violation of the exit order, subdivision (j) of section 300.

In the seven months between the filing of the petition and the jurisdiction and disposition hearing in late December 2024, father tested positive four more times for marijuana and was a "no show" at 11 tests.  Father had once stated that he would not show up for a test if he believed he would test positive for a drug other than marijuana.  Mother did not allow father to visit the children at all during this period, except for a single, monitored visit in December 2024.

**B.**    ***The jurisdiction and disposition hearing***

On December 23, 2024, the juvenile court held the jurisdiction and disposition hearing.  The court sustained the allegations that mother had created a detrimental home environment and that father suffered from substance abuse, and dismissed the other allegations.  The court removed the children from father's custody and placed the children in the "home of mother," with father to have monitored visitation.  The court ordered the Department to provide father with reunification services, and ordered father to have drug and alcohol testing, to attend a 12-step alcohol program, to attend individual counseling, and specified that the Department is to provide him with transportation and housing assistance.

**C.**    ***Father appeals***

Father filed a timely appeal.

## DISCUSSION

On appeal, father argues that the juvenile court (1) erred in sustaining the substance abuse allegation, (2) abused its discretion in imposing the case plan, and (3) did not make a finding that ICWA did not apply in its dispositional order.

5

# I.    Jurisdictional Finding

Dependency jurisdiction may be exercised under subdivision (b) of section 300 when a child "has suffered, or there is a substantial risk that the child will suffer, serious physical harm or illness, as a result of" a parent's "inability . . . to provide regular care for the child due to the parent's . . . substance abuse."  (§ 300, subd. (b)(1)(D).)  As pertinent here, this requires the Department to prove that "(1) substance abuse (2) makes a parent . . . unable to provide regular care for a child and (3) this inability . . . creates a substantial risk" "the child" may "suffer serious physical harm or illness."  (*In re N.R.* (2023) 15 Cal.5th 520, 558.)  What is more, the risk of harm to the child(ren) must exist at the time of the jurisdictional hearing.  (*In re M.M.* (2015) 240 Cal.App.4th 703, 719.)  We review a juvenile court's factual findings for substantial evidence.  (*In re J.A.* (2020) 47 Cal.App.5th 1036, 1046.)  Although review for substantial evidence requires us to view the record in the light most favorable to the court's ruling (*ibid.*), it does not permit a factual finding to stand if it is based on speculation (*In re Steve W.* (1990) 217 Cal.App.3d 10, 22).

Father argues that there is insufficient evidence that he suffers from "substance abuse" or that, even if he did, that his substance abuse places any of his children at substantial risk of serious physical harm or illness.  The Department argues that father's challenges are not cognizable on appeal because dependency jurisdiction over mother's and father's children will remain valid even if the finding regarding father's substance abuse is overturned.  (*In re D.P.* (2023) 14 Cal.5th 266, 283 ["where jurisdictional findings have been made as to both parents but only one parent brings a challenge, the appeal may be

6

rendered moot"].)  However, we may exercise our discretion to reach the merits of a parent's challenge to a particular finding of the juvenile court if it could have consequences beyond jurisdiction in this case (*id.* at p. 285; *In re S.R.* (2025) 18 Cal.5th 1042, 1054), and we do so here because the finding father attacks is what moves him from a non-offending to an offending parent. (Accord, *In re Quentin H.* (2014) 230 Cal.App.4th 608, 613 [exercising discretion to hear an appeal on this basis].)

Substantial evidence does not support the juvenile court's finding that father's substance abuse (which we will assume to be established) poses a substantial risk of serious physical harm to the children.  Between 2022 and the December 2024 jurisdictional hearing, father rarely if ever saw the children, as the juvenile court acknowledged; more to the point, there is no evidence they were ever left in his care without another adult present.  If the children were never alone in father's presence due to the fact that he never had physical custody of them and was only permitted monitored visits, any substance abuse issues he may have did not pose a risk to them.  The juvenile court found a "current risk" to the children due to the uncertainty about whether father was still using drugs, but that reason improperly equates substance abuse with risk arising from such abuse.  The children's counsel argued that the jurisdiction was warranted on this basis to account for the "future risk" to the children, but this ignores that the proper standard is the existence of risk *at the time of the jurisdictional hearing* and that "future risk" was, without more, speculative.

Because there is not substantial evidence of risk, we need not consider whether there is substantial evidence of substance abuse.  We accordingly vacate this finding.

## II.    Dispositional Order

A juvenile court may make "all reasonable orders for the care, supervision, custody, conduct, maintenance, and support of [a] child" subject to its dependency jurisdiction.  (§ 362, subd. (a).)  This power extends even to parents who are not alleged to be offending in the underlying petition.  (*In re Briana V.* (2015) 236 Cal.App.4th 297, 311.)  Because a juvenile court has "broad discretion to determine what would best serve and protect the child's interests," we review solely for an abuse of that discretion.  (*In re Baby Boy H.* (1998) 63 Cal.App.4th 470, 474.)

The juvenile court did not abuse its discretion in ordering father to drug test, to attend a 12-step program, or to participate in individual counseling.  Even without a jurisdictional finding that father has a substance abuse problem that places the children at risk, the record contains substantial evidence that father regularly uses marijuana, occasionally uses cocaine and alcohol, and may use other substances as well.  Because the disposition order permits visitation, requiring father to drug test, attend a 12-step program and attend individual counseling directed toward those issues is reasonable and within the court's broad jurisdiction.  Father complains that the juvenile court erred by mistakenly asserting that the juvenile court in the earlier dependency case had sustained a finding of substance abuse against father; not only is father incorrect in his reading of the juvenile court's comments in this case, but this is ultimately irrelevant because the record in *this* case is sufficient to justify the case plan the juvenile court imposed upon father.

## III.    Absence of an ICWA Finding

Under ICWA, the juvenile court and the Department have both an initial and ongoing duty to inquire whether a child for

whom a petition has been filed is an Indian child, including inquiring with extended family members regarding potential Indian status.  (§ 224.2, subds. (a), (b).)  The juvenile court must evaluate whether this duty has been discharged.  (*In re Asia L.* (2003) 107 Cal.App.4th 498, 506; *In re Jennifer A.* (2002) 103 Cal.App.4th 695, 705, fn. 5.)  Ideally, this is an express finding, but it may be implied.  (*Asia L.*, at p. 506.)  However, the absence of a finding—while error—is harmless unless it is shown that the juvenile court would have found noncompliance had an express finding been made.  (*In re Antoinette S.* (2002) 104 Cal.App.4th 1401, 1413-1414 [juvenile court's failure to make express ICWA finding harmless due to absence of showing that ICWA applies].)

Although father, as a non-offending parent, still has standing to raise deficiencies with ICWA compliance (*In re T.G.* (2020) 58 Cal.App.5th 275, 291-292), he has nowhere argued that the absence of an ICWA finding was prejudicial.  He points to no deficiencies in the Department's or juvenile court's ICWA inquiries.  And no deficiencies leap out at us in the record:  The Department asked mother and father several times about their Indian heritage, asked several of their relatives, sent informal notices to all possible tribes identified by those relatives, and then followed up with those tribes to confirm whether any child was an Indian child.  No tribe said they were.  (*In re Dezi C.* (2024) 16 Cal.5th 1112, 1134, 1141; *id.* at p. 1153 (conc. opn. of Kruger, J.); *In re H.M.* (2025) 109 Cal.App.5th 1171, 1185.)

9

## DISPOSITION

The juvenile court's jurisdictional finding as to father is reversed. The court's order is otherwise affirmed in all respects.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, P. J.

HOFFSTADT


I concur:


_____, J.

KIM (D.)

In re T.F. Jr. et al.
B343899


BAKER, J., Concurring in Part and Dissenting in Part



I would not exercise this court's discretion to decide T.F.'s challenge to the sufficiency of the evidence supporting only one of the counts in the juvenile dependency petition. I do not believe that T.F.'s status as an "offending" parent is alone sufficient to warrant deciding an issue that will not affect dependency jurisdiction over the children (see, e.g., *In re Briana V.* (2015) 236 Cal.App.4th 297, 308)—when T.F. was the subject of another adverse jurisdiction finding just a few years earlier and when today's opinion for the court goes on to (properly) affirm all aspects of T.F.'s case plan even though it reverses the petition count alleged against him.

I agree, however, with the opinion for the court's holding that the absence of an express Cal-ICWA finding on the record at the jurisdiction and disposition hearing does not warrant reversal, conditional or otherwise.



BAKER, J.